ANDREW ERICKSON *vs.* JESSE G. JONES.

November 25, 1887.

**Landlord and Tenant—Fixtures—Right of Removal.**—As between land-
lord and tenant the right to remove fixtures expires with the lease, unless
a subsequent removal is provided for in the lease, or the lease is of such
uncertain duration that no reasonable opportunity for a previous removal
is offered.

**Same—Tenancy at Will.**—The statutory notice required in the case of ten-
ants at will renders the time limited for the expiration of the lease suffi-
ciently definite to bring such tenants ordinarily within the operation of
the general rule. And where such notice has been duly served upon a
tenant at will, and he has been ejected by due process subsequent to the
expiration of the time fixed in such notice, his right to remove fixtures
is lost.

Plaintiff brought this action in the municipal court of Minneapolis,
to recover the value of personal property, including a building, al-
leged to have been unlawfully converted by the defendant. The ac-
tion was tried by the court, whose findings of fact were in substance
as follows: On May 1, 1885, plaintiff leased certain premises from
defendant as tenant at will; on May 15, 1886, the plaintiff having
failed to pay rent, and a notice to quit having been served on him on
March 20, 1886, the defendant brought an action of unlawful de-
tainer against the plaintiff, to obtain possession of the premises, and
recovered judgment for restitution on July 15, 1886, and on the same
day the plaintiff was ejected by the sheriff under a writ of restitu-
tion. At the date of the lease to plaintiff, there was upon the prem-
ises a small frame workshop, which plaintiff purchased from a former
tenant, and which building had no permanent foundation under it,
and was not in any manner affixed to the soil. The defendant never
made any claim to this building until after plaintiff was ejected. On
August 14, 1886, the plaintiff undertook to re-enter upon the prem-
ises for the purpose of removing this building, but was prevented
from so doing by the defendant. The court further found that the
plaintiff proceeded to remove the building within a reasonable time

after he was ejected. Upon these facts the court directed judgment
for the plaintiff. The defendant appeals from an order refusing a
new trial.

Hooker & Nunn, for appellant.

R. L. Penney and Jordan, Penney & Hammond, for respondent,
cited Ex parte Hemenway, 2 Lowell, 496; Whiting v. Brastow, 4 Pick.
310; Gaffield v. Hapgood, 17 Pick. 192, (28 Am. Dec. 290;) Wall v.
Hinds, 4 Gray, 256, (64 Am. Dec. 64;) Hanrahan v. O'Reilly, 102
Mass. 201; Holmes v. Tremper, 20 John. 29, (11 Am. Dec. 338;)
Van Ness v. Pacard, 2 Pet. 137; Warner v. Kenning, 25 Minn. 173;
Ewell on Fixtures, 96–100.

VANDERBURGH, J. As between landlord and tenant, unless the
right to remove fixtures after the expiration of the term is specially
reserved in the lease, the rule is well settled that such fixtures must
be removed by the tenant before his term expires, or at least while
he continues to hold possession as tenant. Where, however, his ten-
ure is uncertain, and such that it may be determined unexpectedly
to him, this rule is modified so as to allow a reasonable time for the
removal of fixtures after the termination of the lease. Ombony v.
Jones, 19 N. Y. 234, 238; Loughran v. Ross, 45 N. Y. 792, 797.

This qualification is usually applied to leases of uncertain dura-
tion, as for life, or at will, or until the happening of some event. But
where, as in this state, by statute, leases at will can only be termi-
nated after reasonable notice, it would seem that, in ordinary cases,
the time limited for the expiration of the term is rendered sufficiently
definite to warrant the application of the general rule. In any event,
we see no reason why it should not have been applied in the case at
bar. Tyler, Fixt. *453.

The plaintiff occupied certain premises of defendant as tenant at
will. The building in controversy, which was placed on the land by
the plaintiff's assignor, and purchased and occupied by the plaintiff,
it is conceded was a fixture as between landlord and tenant, and the
latter had a right to remove it if such removal was seasonably ef-
fected. Whether he had lost such right by delay is the question to
be determined here. He was ejected from the premises after due
notice to quit, and for default in the payment of rent due. The char-

acter of the tenancy, and this defendant's right to put an end to the lease, and recover possession, were determined in the proceedings for forcible detainer referred to by the court in its findings, the record of which was introduced in evidence, and is made part of the settled case returned here. In that action, which was between the same parties, it was alleged and found that the plaintiff herein was largely in arrears for rent, and that due notice to quit was served on him as tenant at will, and that he was ejected under process served months thereafter; so that he had ample notice and opportunity to remove the building before he was dispossessed. This action for the alleged subsequent conversion of the same by the defendant cannot, therefore, be maintained.

Order reversed, and case remanded.