FRANK W. ROWE *et al. vs.* CITY OF MINNEAPOLIS.

Argued Jan. 22, 1892.   Decided March 23, 1892.

**Stipulation as to the Facts Construed.**—On examination of a stipulation
as to the facts on which this case was tried below, it is *held* that the
trial court was justified in finding as a fact that there had been no aban-
donment of the tract of land in dispute, which had been deeded by the
owner, in 1861, to a school district "for the purpose of erecting the dis-
trict school house upon, and for holding the school of said district in, and,
when abandoned for such purpose, to revert back" to the grantors.

Appeal by plaintiffs, Esther M. Rowe, Frank W. Rowe, and Ida
M. Simpson, from a judgment of the District Court of Hennepin
County, *Hicks*, J., entered September 18, 1891, that plaintiffs take
nothing by this action and pay $12.78 costs.

By stipulation filed it appeared that David P. Spafford on May 11,
1861, owned in fee simple the north half of the south west quarter
of section seven (7,) township twenty-nine (29,) range twenty-three,
(23,) containing eighty acres, in the north easterly part of what is
now the city of Minneapolis.   On that day he and his wife conveyed
to "School District No. 3, Township of St. Anthony," a piece of land
lying in the north west corner of the tract and containing about
three-fourths of an acre.   The deed recited that this land "is deeded
for the purpose of erecting the District School house upon, and for
holding the school of said district in, and when abandoned for such
purpose to revert back to the parties of the first part.   The parties
of the first part covenant that the parties of the second part, their
heirs and assigns, shall quietly enjoy and possess the same for the
purposes above stated, and that they will warrant and defend the
title to the same against all lawful claims."

This deed was recorded January 8, 1863, in the Registry of Deeds
of Hennepin County.   A school house was immediately erected on
this land by the district, and a school maintained therein by it up
to the time it was taken into the city.   Spafford and wife on June
4, 1870, sold and conveyed the west forty acres of this farm to
James Rowe "subject to such interests as the school district has ac-

quired to that portion of said tract lying northwesterly of the traveled road, being about one half acre more or less." James Rowe afterwards died intestate, leaving as his only heirs at law the plaintiffs in this action. His estate was administered in the Probate Court of Hennepin County, and the land assigned by decree of distribution to the plaintiffs. By Sp. Laws 1887, ch. 10, the land was taken into the corporate limits of the city of Minneapolis and all property belonging to the school district was transferred to the city. After the city had so acquired the property no school was maintained on the land by it or any one, pupils formerly attending there were required to enter other schools, and the windows and doors of the school house were broken, the seats torn up, and the fence about the premises was suffered to tumble down. The school house and premises remained in that condition up to October 1, 1890. The city however maintained a policy of insurance on the building against fire, and no taxes have ever been levied on the property. On August 8, 1890, the plaintiffs petitioned the city, setting forth these facts, and prayed it to quitclaim the property to them. Instead of doing so the city soon after repaired the school house and opened a school therein and maintained it up to May 1, 1891. When plaintiffs discovered that the city was repairing the school house they commenced this action of ejectment to obtain possession of the property.

The action was brought to trial May 16, 1891, a jury was waived by the parties, and the issues were tried by the court. Findings were filed August 28, 1891, that defendant had not abandoned the premises for school purposes, and that plaintiffs were neither the owners nor entitled to the possession of the property, and directing judgment to be entered for the defendant. In memoranda attached to the findings the trial court said:

The condition in the deed from Spafford and wife to School District No. 3, Township of St. Anthony, must be construed to create an estate upon condition subsequent, and not a limitation, nor a conditional limitation as claimed by plaintiffs' counsel.

Judge Bigelow in the *Proprietors of Church in Brattle Square* v. *Grant*, 3 Gray, 146, 147, gives a very clear and concise definition of these two different estates, practically that given by Kent and

Blackstone.   By the common law a condition annexed to real estate could be reserved only to the grantor or devisor 'and his 'heirs. Upon a breach of the condition, the estate of the grantee or devisee was not *ipso facto* terminated, but the law permitted it to continue beyond the time when the contingency upon which it was given or granted happened, and until an entry or claim was made by the grantor or his heirs, or the heirs of the devisor, who alone had the right to take advantage of a breach.

In the deed of Spafford to School District No. 3 there was no limitation over to a third party, whose estate should arise upon the abandonment of the premises for school purposes by the School District No. 3; if there had been the estate granted to the School District would been an estate of limitation, and the estate so limited over, an estate upon conditional limitation.   There being no such limitation over to a third party, the grantor or his heirs might waive the breach of the condition, and the estate would continue in the School District until entry or claim by the grantor or his heirs.

The language of the deed from Spafford to School District No. 3 is not that the grantee shall have the premises "so long as" the premises are not abandoned for school purposes, nor "until" they are so abandoned, but forever, with a proviso or condition that when the premises granted are abandoned for school purposes they shall revert to the grantor; there is no limitation over to a third party. In the case of *Warner* v. *Bennett*, 31 Conn. 476, the estate was held to be one upon condition subsequent.   The facts in that case are practically identical with the facts in this.   The estate granted to School District No. 3 was an estate upon condition subsequent.

By the statute 1878 G. S. ch. 45, § 35, Spafford was authorized to convey his right or possibility of reverter to plaintiffs' father, but that conveyance gave the grantee no right or interest greater than was reserved to Spafford in his deed to the School District No. 3.   Nor did it in any manner affect the estate which was conveyed to the School District by that deed.

It was admitted by the plaintiffs at the trial that if the estate granted by the deed from Spafford to School District No. 3, was an estate upon condition subsequent, plaintiffs' intestate took nothing

by the deed from Spafford and wife. This position we think is clearly correct in the light of *Nicoll* v. *New York & E. Ry. Co.*, 12 N. Y. 121.

By Spafford's deed to the School District the entire fee of the premises in question passed to the School District; all that remained in Spafford was a mere possibility of reverter. By his deed to plaintiffs' intestate he conveyed nothing for he had nothing to convey, there having at that time been no breach in the condition in the deed under which the premises in question were holden.

The Board of Education by keeping the premises insured evinced an intention to further use the premises, and they will be presumed to intend to use them only for the purposes for which they were granted, in the absence of any evidence of any other intended use. The deed from Spafford to School District No. 3, must be construed to convey to the grantee therein, an estate in fee simple, as fully as though the words successors and assigns had been used therein. 1878 G. S. ch. 40, § 4. Under the act of March 4, 1887, the defendant became the successor of School District No. 3 and the owner of the conditional fee of the premises in question.

*Cobb & Wheelwright,* for appellants.

Appellants claim that the estate created by Spafford's deed was one terminating upon a conditional limitation, or as it is sometimes denominated a special limitation, instead of an estate terminating upon condition subsequent, as claimed by respondents and found by the court below. When an estate is so expressly confined and limited by the words of its creation that it cannot endure for any longer time than till the contingency happens upon which the estate is to fail, this is denominated a limitation, as when land is granted to a man so long as he continues unmarried. In such case the estate determines as soon as the contingency happens. But when an estate is strictly speaking upon condition in deed, as if granted expressly upon condition that the grantee continues unmarried, the law permits it to endure beyond the time when such contingency happens unless the grantor or his heirs or assigns take advantage of the breach of the condition, and make claim to the premises. 2 Bl.

Comm. 155; 2 Washb. Real Prop. (5th Ed.) 25–30; 4 Kent, Comm. 127; *Towle v. Remsen*, 70 N. Y. 312.

The most material difference between a condition and a conditional limitation is, that to render a condition effective to terminate the estate to which it is attached, it must be taken advantage of by some act, and this can be done only by the grantor or his heirs, while on the expiration of an estate by the limitation, it at once ceases and the next estate in expectancy at once vests. *Attorney General* v. *Merrimack Mfg. Co.*, 14 Gray, 612; *Miller* v. *Levi*, 44 N. Y. 489. And a stranger may take advantage of the recurrence of the contingency upon which the estate is limited. *Owen* v. *Field*, 102 Mass. 105.

The ordinary technical words by which a limitation is expressed, as given in the old elementary writers, relate to time. Such are *durante, dum, donec, quousque, usque, tandem*, and the like. 2 Washb. Real Prop. (5th Ed.) 26. *Quousque* is the Latin conjunction corresponding, and meaning the same as, the English, when.

Cases illustrating conditional limitations. *Henderson* v. *Hunter*, 59 Pa. St. 335; *Ashley* v. *Warner*, 11 Gray, 43; *Miller* v. *Levi*, 44 N. Y. 489; *Owen* v. *Field*, 102 Mass. 105; *Warner* v. *Bennett*, 31 Conn. 468; *Battey* v. *Hopkins*, 6 R. I. 443; *Stearns* v. *Godfrey*, 16 Me. 158.

The clause inserted in the deed from Spafford to School District No. 3, that "this land is deeded for the purpose of erecting the district school house upon, and for holding the school of said district in, and when abandoned for such purposes, to revert back to the parties of the first part," creates an estate of undoubted limitation and not upon condition. The limitation is expressed by the technical word "when."

The court below held that the Spafford deed created an estate upon condition subsequent, and for the only reason, so far as his memorandum discloses, that there was therein no limitation over to a third person, whose estate should arise upon the abandonment of the premises for school purposes. In so doing the trial judge evidently overlooked the fact that there are two classes of conditional limita-

tions, one a limitation over to a third person, and another where land is granted to a man until a certain event, for instance so long as he remains unmarried. These two classes of conditional limitations are recognized in *Miller* v. *Levi,* 44 N. Y. 489, and in *Smith* v. *Smith,* 23 Wis. 176.

The deed from Spafford to James Rowe, the plaintiffs' ancestor, conveyed to such ancestor any interest Spafford retained in the premises, and these plaintiffs as the heirs of James Rowe were upon the happening of the contingency upon which the estate was limited, entitled to the premises. At common law the right or possibility of reverter which belongs to a grantor of an estate on condition subsequent, cannot be legally conveyed by deed to a third person before entry for a breach. The original maker of a condition cannot enforce it, after he has parted with his right of reverter, nor can an alienee take advantage of the breach, because being a mere right of entry or a possibility of reverter, the right is not assignable. A stranger cannot take advantage of the breach. *Rice* v. *Boston & W. R. Corp.,* 12 Allen, 141; *Guild* v. *Richards,* 16 Gray, 309; *Hooper* v. *Cummings,* 45 Me. 359; *Ruch* v. *Rock Island,* 97 U. S. 696; *Nicoll* v. *New York & E. R. Co.,* 12 N. Y. 121.

School District No. 3 of St. Anthony became extinct by bringing its territory into the city of Minneapolis. The language of the deed is that the land is deeded for the purpose of erecting not a school house but "the district school house upon," and for holding not a school in, but "the school of said district in." The School District has now become extinct by operation of law, and the premises have become a part of the corporate limits of Minneapolis; it is impossible to hold the school of the School District on the premises; the limitation in the deed upon which the estate was to determine has become fixed, because there has been an abandonment of the premises for the holding of the district school of School District No. 3.

The deed calls for holding of a school by that district and the condition cannot be fulfilled by the city holding a school there in place of said School District. The deed did not convey any assignable interest which the School District could assign to the city. *Pepin Co.* v. *Prindle,* 61 Wis. 301; *Board of Sup'rs of Warren Co.* v. *Patterson,*

56 Ill. 111; *Poitevent* v. *Board of Sup'rs of Hancock Co.*, 58 Miss. 810; *Henderson* v. *Hunter*, 59 Pa. St. 335.

The agreed statement of facts shows an actual abandonment of the premises before the commencement of this action. No school was held upon the premises from the time of the passage of the act taking them into the city limits, March 4, 1887, to October 1, 1890, a period of three years and seven months. During this time no acts of ownership were exercised by the defendant except the maintenance of a fire insurance policy on the building. The school building itself was allowed to get into a ruinous and uninhabitable condition, and the pupils formerly attending the school, were required to enter other schools of the defendant. The question of abandonment is very largely a question of intent. It is impossible to arrive at the intent of the defendant except as shown by the acts and conduct of its officers. Their acts and conduct since the time when they took possession and up to the time of the commencement of this action are decisive of the question of abandonment.

*Robert D. Russell*, for respondent.

Before plaintiffs will be entitled to recover in this action, they must show that the property described in the complaint was conveyed to their deceased ancestor, James Rowe, by the deed from Spafford and wife, and that at the time of said conveyance, Spafford had title to a reversionary interest in the property, and the right to convey it. They must also show that there has been an abandonment of the premises by the grantees in the deed and a consequent happening of the condition whereby the property reverts to the grantor, or passes to his assigns.

The language of the deed to the School District does not create a limitation or a conditional limitation. It is a trust, or at most, a condition subsequent. If it is expressive of trust, reposing confidence in the grantee for its performance, no forfeiture could be created. If it amounts to a condition subsequent, forfeiture could only inure to the benefit of the original grantor, or his heirs, and could only be taken advantage of by him, or them, by re-entry or claim. It is a rule that an estate upon condition cannot be created by deed except

when the terms of the grant will admit of no other reasonable interpretation. *Farnham* v. *Thompson,* 34 Minn. 330.

This conveyance is not made so long as, nor upon condition that the property shall be used for these purposes, but when abandoned for such purposes it shall then revert to the parties of the first part. The purposes named are erecting the school house and holding the school. The first purpose was accomplished by building the school house. Shortly after the grant the second was accomplished by holding the school and continuing it uninterruptedly for twenty-six years; by these acts the obligation was fully performed. The deed does not say it shall forever be so occupied.

There was no estate left in Spafford. It was only a possibility. A possibility of reverter left in the grantor is not an actual estate, and is not a reversion. If there was no estate left in Spafford, the deed of the property to Rowe in 1870 conveyed no part of the premises in controversy. A breach of a condition subsequent in a deed can be taken advantage of only by the grantor, his heirs, or devisees; and if the grantor can extend the right to declare a forfeiture to his assigns, he or they must make re-entry or do some act equivalent to re-entry at law, as a court of equity will not lend its aid to enforce a forfeiture, for a breach of a condition subsequent. *Boone* v. *Clark,* 129 Ill. 466.

The premises have not been abandoned by the grantees. It is admitted that the city of Minneapolis is the successor of the School District No. 3, and by virtue of the act of the legislature it acquired all the rights of that School District in the property held by it; that during all the time the school house was kept insured, and that no taxes have been levied or paid on the property since 1860, when it was first taken possession of by the School District. The court below found as a fact, that the property had not been abandoned by the respondent, and this is justified by the facts.

Abandonment is the surrender, relinquishment, or disclaimer of property rights. Mere non-user does not constitute abandonment. Abandonment is a positive act; it is a matter of intention. In this case the acts of respondent show its intention was to hold the property for school purposes, and not to relinquish it. The

fact that the windows in the building were broken in, does not establish abandonment. Any school house in the city is liable to the same fate any vacation time, unless the small boy is under guard. It shows that the small boy is abandoned and not the school house.

COLLINS, J. Action of ejectment. The facts being agreed on and submitted in the court below, judgment was ordered and entered for defendant city. On May 11, 1861, one Spafford and his wife—Spafford then being the owner of 80 acres of land in Hennepin county—deeded about three fourths of an acre in one corner thereof to school district No. 3. In the year 1887 the entire 80 acres became a part of the defendant city by act of the legislature, and by the same legislative enactment said school district ceased to exist, defendant succeeding it, and becoming the owner of all its property and property rights. The conveyance from Spafford and wife was in the ordinary form of a warranty deed, save that immediately following the description of the conveyed premises were these words: "This land is deeded for the purpose of erecting the district school house upon, and for holding the school of said district in, and, when abandoned for such purposes, to revert back to the parties of the first part;" and, following the covenant for quiet enjoyment, were the words, "for the purposes above stated." A school house was erected by the district grantee immediately upon the execution of the deed, and a school was kept therein by the district until the passage of the act of the legislature before mentioned. The building was then permitted to get out of repair, but, upon learning that the plaintiffs were asserting title to the premises, about September 1, 1890, the defendant, by its board of education, caused the same to be repaired. No school was maintained in the building from the time of the legislative enactment until after the commencement of this action, when, on October 1, 1890, said board of education opened and kept a school therein for about seven months. From and since the year 1861 no taxes have been levied or paid upon this property, presumably because, as school property, it was exempt from taxation

under the statute. From the time of the passage of the law through which the defendant city acquired its title to the premises it has kept a policy of insurance upon the school building, and has been duly insured against loss in case of its destruction by fire.

The trial court found as a fact that the premises had not been abandoned for school purposes, and if, on the stipulation as to facts, this finding can be sustained, it will be unnecessary for us to discuss the questions of law upon which the counsel seem to have devoted much time and energy. If there has been no abandonment of the land for the purposes for which it was deeded, we need not consider the nature of the estate conveyed by Spafford and acquired by the school district, for that becomes wholly immaterial. Whatever the estate may have been, it has not been determined; and hence an action of ejectment cannot be maintained against defendant city, the lawful successor in interest of the grantee school district.

Abandonment, in law, is a question of intention, and, as applied to this case, is the surrender or relinquishment or disclaimer of property rights.

There were circumstances from which the trial court might have found an abandonment of the premises for school purposes, and there were other circumstances in evidence which justified and supported a finding the other way. Temporarily ceasing to use and occupy the building for a school would be competent evidence of a design to abandon and of abandonment; but the fallacy of appellants' position on this appeal lies in assuming that a failure to use and occupy for a certain period of time conclusively established the design to abandon, as well as a complete abandonment.

Judgment affirmed.

MITCHELL, J., absent, sick, took no part.

(Opinion published 51 N. W. Rep. 907.)