JOHN E. CASSIDY vs. HIRAM P. MASON & others.

Suffolk.    November 19, 1897. — June 25, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Deed — Condition — Restriction.*

Land was conveyed by a deed reciting as follows: "Provided that no building shall ever be erected on said lots of land or either of them within ten feet of the streets as exhibited on said plan." A subsequent deed of the land contained the following clause: "On condition that no building shall ever be erected on said lot within ten feet on said" street "as laid down on said plan." A later convey-ance of the land recited that "the premises are sold subject to the condition that no building shall ever be erected on the granted premises within less than ten feet from said street." *Held,* that the clauses in the several deeds were not to be considered as conditions, a breach of which would work a forfeiture, but as restrictions.

CONTRACT, to recover $1,000, paid as part consideration for the purchase of certain land in Watertown. The case was sub-mitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*J. J. Sullivan,* for the plaintiff.

*W. C. Stone,* for the defendants.

FIELD, C. J.   Andrew L. Chamberlain conveyed in fee to Thomas Gould, by deed dated October 15, 1847, certain lots of land in Watertown, Massachusetts, according to a plan men-tioned in said deed, and, after the description of the lots in the granting part of the deed is the following proviso: "Provided that no building shall ever be erected on said lots of land or either of them within ten feet of the streets as exhibited on said plan."   Joseph Gould conveyed in fee back to Thomas Gould, by deed dated April 15, 1853, one of said lots which had been conveyed to Joseph Gould by said Thomas Gould by deed dated October 27, 1849.   After the description of the lot the deed of Joseph Gould contained in the granting clause the fol-lowing words: "On condition that no building shall ever be erected on said lot within ten feet of said plan [*sic*] as laid down on said plan."   It is agreed that the word "plan" first

used in this proviso is a mistake for street. Some of these lots, including the lot conveyed by Joseph Gould to Thomas Gould, were conveyed in fee to Catherine Hooper. George K. Hooper and Catherine Hooper, his wife, in her right, by deed dated August 5, 1872, conveyed in fee to Maria Mason the lots of land conveyed to Mrs. Hooper, and in the granting part of the deed, after the description of the lots with one boundary on a street, is the following clause: " The premises are sold subject to the condition that no building shall ever be erected on the granted premises within less than ten feet from said street." Maria Mason died intestate, being at the time of her death seised in fee of the lots of land so conveyed to her, leaving a husband and children who were her only heirs at law. The husband and the children are the defendants in the present action.

The defendants and the plaintiff entered into a contract, whereby the defendants agreed, on certain terms therein expressed, to convey to the plaintiff " in fee simple, free from all encumbrances except the restriction hereinafter referred to, by a warranty deed in the usual form, with the usual covenants, . . . the real estate situated in said Watertown, . . . which was conveyed to Maria L. Mason by deed from George K. & Catherine Hooper," etc., excepting a certain portion which need not be described. Said agreement provided that " said real estate is to be conveyed subject to the ' restriction that no building shall ever be erected on the granted premises within less than ten feet from said Beechwood Avenue,' except as to said restriction said real estate is to be conveyed by good title by warranty deed as above stated, free from all encumbrances whatever." Maria Mason is the same person as Maria L. Mason. The plaintiff paid the defendants $1,000 on the execution of the agreement as part consideration of the purchase. The defendants tendered to the plaintiff a deed of the lots of land which they agreed to convey, which, after the description of the lots, contained the following clause: " The premises hereby conveyed are subject to the restriction (mentioned in deed from George K. & Catherine Hooper to Maria L. Mason dated August 5th, 1872, and recorded in said Registry in Book 1223, page 315) that no building shall ever be erected on the granted estate

within less than ten feet from said street, which is now called Beechwood Avenue." The plaintiff refused to accept said deed solely on the ground that the premises granted were subject to a condition a breach of which would work a forfeiture, and not merely to a restriction ; and he sues to recover back the $1,000 he had paid. The case was submitted to the Superior Court, on an agreed statement of facts, the eighth and eleventh paragraphs of which are as follows :

" Eighth. The real estate referred to in the declaration had been a portion of a large tract of land which had been laid out into lots and streets, and which were represented on a plan duly filed in the Registry of Deeds aforesaid, dated June 1, 1847, all done many years before said Maria Mason acquired the land as above stated, and before the deed aforesaid from Chamberlain was made. Said plan is the one referred to and described in the said exhibits hereto annexed. Beechwood Avenue, or the street referred to in the said deed from Geo. K. and Catherine Hooper to Maria Mason, was one of the streets laid out and represented as aforesaid on said plan. . . .

" Eleventh. If the provision, in deed aforesaid from Chamberlain to Gould, ' provided that no building shall ever be erected on said lots of land or either of them within ten feet of the streets as exhibited on said plan,' and the provision in said deed from Gould to Gould, ' on condition that no building shall ever be erected on said lot within ten feet of said plan [street] as laid down on said plan,' and the provision in the said deed from Hooper *et al.* to Maria Mason, ' the premises are sold subject to the condition that no building shall ever be erected on the granted premises within less than ten [feet] from said street,' are simply restrictions, and if no one of them constitutes a condition a breach of which might work a forfeiture, the plaintiff admits his action is not well founded, and that he is not entitled to recover of the defendants."

The Superior Court ordered judgment for the defendants; and the plaintiff appealed.

We are of opinion that the provisions in the deeds which we have quoted, from which Mrs. Mason derived her title, are not to be considered as technical conditions a breach of which would work a forfeiture, but as restrictions. *Ayling* v. *Kramer,*

133 Mass. 12. *Skinner* v. *Shepard,* 130 Mass. 180. *Episcopal City Mission* v. *Appleton,* 117 Mass. 326. *Sohier* v. *Trinity Church,* 109 Mass. 1, 19.          *Judgment affirmed.*