JOSEPH BUCK ET AL. *v.* CITY OF MACON.

DEED. *Condition subsequent. Forfeiture. Nonuser.*

    A deed conveying land to trustees of a township for school pur-
poses, and for no other use, is not forfeited by a nonuser for two
and one-half years, even if the deed be assumed to be upon a
condition subsequent.

FROM the chancery court of Noxubee county.

HON. JAMES F. MCCOOL, Chancellor.

Buck and others, appellants, were complainants in the court
below; the city of Macon, the appellee, was defendant there.
From a decree sustaining a demurrer to the bill complainants
appealed to the supreme court.

The bill alleged that complainants are the heirs of David
Buck, who owned the land in controversy; that their ancestor,
on the 25th day of May, 1844, executed a conveyance to the
trustees of township 15, range 17, on which the city of Macon
is located, conditioned that it was for the use of a school, and no
other use; that the land so conveyed was in the city of Macon;
that said trustees took possession of the land, and occupied it
and used it for school purposes continuously until about the 1st
of November, 1901, when it was abandoned for such purposes,
and a new public school building was erected by the city in
another part of the municipality. The bill then avers that com-
plainants demanded possession of the land, and that defendant,
the successor of the aforesaid trustees, declined to recognize
their claim and refused to give them possession. The prayer of
the bill is that the claim of the city of Macon be canceled, as a
cloud on their title.

*Brame & Barnes,* for appellants.

*George Richardson,* and *J. E. Rives,* for appellee.

Calhoon, J., delivered the opinion of the court.

This record is based on a bill of appellants to remove an alleged cloud from their title, which title they ground on a forfeiture of a condition in a conveyance by their ancestor to school trustees, by reason of which forfeiture they say the title to the lot reverted to them. The forfeiture they aver was because of the abandonment of the use of the property for school purposes. The conveyance is as follows (italics ours):

"Know all men by these presents that I, David Buck, for the consideration of *one dollar* to me paid in hand by William McLeod, William D. Lyles, and Hines H. Colbert, trustees of the 16th section, T. 15, R. 17, in said (Noxubee) county, and for the *good will and wishes* I have for the *inhabitants of said township,* do hereby grant, bargain, sell, and convey unto the said trustees the following described lots, or parcel of ground [describing them], *for the use of a school and no other use.*

"To have and to hold the premises with the appurtenances to them the said trustees and *their successors* in office for *their use and behoof* forever; and for myself and my heirs, do hereby *warrant* and will forever defend the same to the *said trustees and their successors in office* against the lawful claims of all persons whomsoever."

The bill charges that the city of Macon, "through the trustees of the public school has been using and occupying said property continuously for school purposes up to and until about the 1st day of November, 1901, when it abandoned the same for such purposes, and occupied a new school building," erected by the city on another lot, and that "since that time the lot has not been used or occupied" by any other school. This bill was filed April 25, 1904, about two years and a half after the date of the alleged abandonment, and there is no averment that the property has actually been put to any other use than for schools.

Even if the words in the deed, "for the use of a school and no other use," constituted a condition subsequent, which, upon breach, produced a forfeiture authorizing reëntry by the grantor,

---

which we do not now decide upon, we decline to hold that mere nonuser for two and one-half years worked a forfeiture. *Curtis* v. *Board,* 43 Kan., 138 (23 Pac., 98) ; *Gage* v. *School Dist.,* 64 N. H., 232 (9 Atl., 387) ; *Rowe* v. *City,* 49 Minn., 148 (51 N. W., 907) ; *Rawson* v. *Inhabitants,* 7 Allen, 125 (83 Am. Dec., 670) ; *Episcopal, etc., v. Appleton,* 117 Mass., 326 ; *City* v. *Terwilliger,* 16 Or., 465 (19 Pac., 90) ; *Farnham* v. *Thompson,* 34 Minn., 330 (26 N. W., 9 ; 57 Am. St. Rep., 59) ; *Packard* v. *Ames,* 16 Gray (Mass.), 327 ; *Horner* v. *Chicago, etc.,* 38 Wis., 165 ; *Scantlin* v. *Garvin,* 46 Ind., 262 ; *Indian Orchard, etc.,* v. *Sikes,* 8 Gray (Mass.), 562 ; *Cassidy* v. *Mason,* 171 Mass., 507 (50 N. E., 1027) ; *Sohier* v. *Trinity Church,* 109 Mass., 1 ; *Cross* v. *Carson,* 8 Blackf., 138 (44 Am. Dec., note on page 744) ; *Wilkes-Barre* v. *Wyoming, etc.,* 134 Pa., 616 (19 Atl., 809) ; *Woodruff* v. *Woodruff,* 1 L. R. A., 380, and notes ; *Post* v. *Weil,* 5 L. R. A., 422, and notes ; 13 Cyc., 669, 683, 689, 699, 701 ; 6 Ency., 506, *et seq.* These authorities, and the citations to be found in them, give, we believe, the whole of the law bearing upon the nature and *quantum* of the estate conveyed by the deed before us ; and it is enough to say that they fully sustain our decision as indicated, beyond which we do not now go.

*Affirmed.*