## CHARLES C. SHEPARD v. WILLIAM A. ALDEN.[1]

December 5, 1924.

No. 24,187.

**Doctrine as to title of chattels converted unavailing to person whose title is not connected with defendant's.**

1. The doctrine that, upon satisfying a judgment for the conversion of chattels, the title vests in the defendant as of the date of the conversion, cannot be invoked by one who was not a party to the action and who did not connect his title with the title acquired by the defendant.

**Relevancy of offer of evidence must be apparent at time of offer.**

2. The materiality and relevancy of an offer of evidence must be apparent when the offer is made to put the court in error in excluding it. If evidence received later makes the offered evidence admissible, the offer should be renewed.

**What constitutes abandonment of property.**

3. Abandonment consists of the actual relinquishment of property, accompanied by an intent to part with it permanently. The evidence did not show conclusively that plaintiff had abandoned his property.

**Person evicted has reasonable time in which to remove his property.**

4. Plaintiff's eviction from the building in which he kept his property did not ipso facto deprive him of the right to remove the property. He had a reasonable time thereafter within which he might remove it.

**Sufficient evidence of specific demand by owner.**

5. An instruction that plaintiff must prove a specific demand, no exception being taken by either party, became the law of the case. The evidence warranted the jury in finding that a demand had been made.

**Error cured.**

6. Error in receiving evidence of the rental value of bowling alleys was cured by the instructions to the jury.

**Comment of trial court not prejudicial.**

7. A comment by the court relative to the ownership of the alleys was not prejudicial in view of the evidence.

**Rule not violated when court charged testimony of witness was clear.**

8. Characterizing the testimony of a witness as "clear and intelligible" does not transgress the rule prohibiting trial courts from singling out a particular witness and charging as to his credibility.

UPON PETITION FOR REHEARING.

February 6, 1925.

**Doctrine that title of chattels converted vest in defendant inapplicable.**

9. The rule that upon satisfying a judgment for the conversion of chattels the title vests in the defendant, is without application where, in an action brought against him, the owner of chattels sets up a counterclaim for damages for plaintiff's alleged conversion of the property and plaintiff denies the conversion, and the parties stipulate for a dismissal of their respective causes of action with prejudice and, pursuant to the stipulation, judgment of dismissal is entered.

Action in the district court for Hennepin county to recover $2,900. The case was tried before Waite, J., and a jury which returned a

[1]Reported in 201 N. W. 537, 202 N. W. 71.

verdict for $900. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Grimes & Maxwell*, for appellant.

*C. H. Slack*, for respondent.

LEES, C.

Plaintiff sued to recover the rental value of 12 bowling alleys, obtained a verdict, and defendant has appealed from an order denying his alternative motion for judgment or a new trial.

The alleys were located in the basement of the Iron Exchange Building in Minneapolis. The building was owned by Thomas and Atkinson until September 17, 1919, when they sold it to defendant. The alleys were installed by Benjamin A. Paust and later sold by him to one Whiting, who sold them to plaintiff on January 24, 1918. Whiting had a lease of the basement, under which plaintiff went into possession. In February, 1918, plaintiff sublet the basement and leased the alleys to Bonham and others. The sublessees failed to pay the rent and ceased to operate the alleys in April, 1918. There was evidence to show that thereupon plaintiff resumed possession of the alleys and operated them in the winter of 1918-1919. In March, 1919, Thomas and Atkinson commenced an action of unlawful detainer against plaintiff for the nonpayment of rent and obtained a writ of restitution.

As the agent of Thomas and Atkinson, Paust negotiated the sale of the building to defendant, informing him that the alleys did not go with the building and that he understood they belonged to plaintiff. The agent by whom defendant was represented in making the purchase gave him the same information. In September, 1919, plaintiff came to defendant and offered to sell the alleys. After interviewing Thomas and his attorney, defendant refused to buy, claiming title through his purchase of the building, and took possession of the alleys.

Prior to the date of the sale of the building, Thomas and Atkinson sued plaintiff for the rent of the basement. He answered, setting up a counterclaim for damages for the conversion of the alleys.

The action was settled by a stipulation releasing the claim for damages for the alleged conversion for a release of the claim for rent. In April, 1922, judgment was entered pursuant to the stipulation.

1. Citing Haas v. Sackett, 40 Minn. 53, 41 N. W. 237, 2 L. R. A. 449, appellant invokes the doctrine that, upon satisfying a judgment for the conversion of property, the title vests in the defendant as of the date of the conversion. He contends that when plaintiff settled the Thomas and Atkinson suit, his counterclaim for conversion was satisfied and Thomas and Atkinson then acquired title to the alleys. If this be true, it does not necessarily follow that defendant must prevail. When he bought the building he knew that the alleys were not included in the sale and that Thomas and Atkinson did not then claim ownership. There was no proof of a separate transfer of the alleys then or later. If in fact Thomas and Atkinson owned them, they continued to retain the title after they conveyed the realty.

2. Defendant testified that a long time after he purchased the building he had a conversation with Thomas in reference to the alleys. He was asked to relate the conversation, but an objection to proof thereof was sustained. He then offered to show that Thomas claimed title to the alleys on the ground that plaintiff left them in the building when he was evicted and abandoned them, and that thereafter defendant purchased the alleys from Thomas and Atkinson. An objection to the offer was sustained, and the ruling is assigned as error. If this evidence had been received, it might have connected the title the defendant claimed with whatever title Thomas and Atkinson got when the action for conversion was settled.

The materiality and relevancy of an offer of evidence must be apparent when the offer is made to put the court in error in excluding it. If the admissibility of the offered evidence depends on the proof of other facts, preliminary proof must be made to establish a foundation for the admission of the evidence. Dunnell, Minn. Dig. § 9717.

No reference to the action in which the defendant interposed his counterclaim for conversion was made in the answer. No evidence

relative to that action had been introduced when defendant made his offer of proof. Such evidence was introduced before defendant rested his case, but the offer was not then renewed or called to the court's attention. Upon this state of facts defendant is not in a position to urge that the court erred in excluding the offer or in refusing to hold that as a matter of law defendant was the owner of the alleys.

3. Whether plaintiff had abandoned his property and whether he demanded it within a reasonable time, or at all, are the principal questions in the case.

Abandonment is made up of two elements, act and intention. There must be an actual relinquishment of the property, accompanied by an intent to part with it permanently, so that it may be appropriated by any one finding it or having it in his possession. Rowe v. City of Minneapolis, 49 Minn. 148, 51 N. W. 907; 1 R. C. L. p. 4; 1 C. J. pp. 6-8. Plaintiff claimed the alleys immediately after defendant bought the building. The season for bowling begins in October and ends in April. Little or no use of bowling alleys is made in the summer season. The owners of the building had not notified plaintiff to remove his property from the basement. They did not regard the alleys as part of the building. They could have been removed. They were of more value to the owner if left where they were. Undoubtedly plaintiff hoped to sell them to the owners of the building. Possibly they hoped to get them without paying anything in addition to their claim for the rent plaintiff had failed to pay. Viewing the situation from any angle, it cannot be held as a matter of law that plaintiff intentionally abandoned the alleys.

4. Did plaintiff lose the right of possession by failing to make a demand for the alleys until some six months after he was evicted from the basement?

The alleys were in the nature of trade fixtures. They had been installed by a tenant, and we are asked to apply the rule that as between landlord and tenant the tenant's right to remove fixtures expires with the lease. If Thomas and Atkinson were defendants, the rule might well be applied. Erickson v. Jones, 37 Minn. 459, 35 N. W. 267. But the relation of landlord and tenant never ex-

isted between plaintiff and defendant, and it had ceased to exist between plaintiff and Thomas and Atkinson before they sold the building. Under these circumstances, it is doubtful whether the rule of Erickson v. Jones, supra, is applicable. See Medicke v. Sauer, 61 Minn. 15, 63 N. W. 110; Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573. Be this as it may, the fact that plaintiff had been dispossessed as a result of the unlawful detainer action did not ipso facto deprive him of the right to remove the alleys. He did not vacate of his own volition, leaving his property behind him. A landlord should not be allowed to assert title to his tenant's chattels merely because the tenant did not carry them with him when he was evicted. Possibly the tenant would be a trespasser if, after the eviction, he went on the premises without the landlord's consent and removed his chattels, but this has nothing to do with the question of ownership. Under the circumstances plaintiff continued to be the owner of the alleys and had a reasonable time in which to remove them. This conclusion is supported by several well-considered cases. Bergh v. Herring-Hall-Marvin Safe Co. 136 Fed. 368, 69 C. C. A. 212, 70 L. R. A. 756; Gartland v. Hickman, 56 W. Va. 75, 49 S. E. 14, 57 L. R. A. 694; Mickle & Co. v. Douglas, 75 Iowa, 78, 39 N. W. 198; Updegraff v. Lesem, 15 Colo. App. 297, 62 Pac. 342. Cases expressing a different conclusion can be found, but we prefer the doctrine of those cited.

5. The court charged that, to establish a right of action, plaintiff must prove a demand and refusal. Neither party took exception to this instruction, and therefore it became the law of the case. Dunnell, Minn. Dig. § 404. It is urged that there is not sufficient evidence to support a finding of a demand. The evidence on the point was not direct or positive, but enough was shown to warrant a jury in finding that a demand had been made.

6. Plaintiff was allowed to testify to the rental value of the alleys located where they were. This was not the proper measure of damages, but the error in receiving the testimony was cured by an instruction clearly stating the correct rule for the assessment of damages.

7. In submitting the question of the ownership of the alleys, the court said that there was no real dispute about the ownership at the time when defendant took possession. In view of the evidence of what was said when the building was sold, there was justification for the use of this language.

8. The court characterized the testimony of a witness on the subject of rental value as "clear and intelligible." This did not trench on the rule against singling out a particular witness and charging as to his credibility.

All the assignments of error have been considered. Those not specifically mentioned do not require discussion.

The order is affirmed.

On Petition for Rehearing.

On February 6, 1925, the following opinion was filed:

LEES, C.

The petition for rehearing calls attention to a misstatement in the former opinion. Speaking of the action brought by Thomas and Atkinson against Shepard, we said: "No evidence relative to that action had been introduced when defendant made his offer of proof." This is not correct. The judgment roll had been offered in evidence as part of the cross-examination of Shepard and was received subject to objection, the final ruling of the court excluding it being made at the close of the evidence.

Counsel for appellant is right in saying that the legal effect of the judgment must be considered and determined since the question was properly presented to the trial court. The question is discussed in the original briefs and more at length in the supplemental briefs, and we now consider it upon the merits.

Passing by the contention of respondent's counsel that, even if Thomas and Atkinson acquired title to the alleys when their action against Shepard was settled, they neither had nor asserted title when they sold the building to Alden and hence he cannot now assert it for or thrust it upon them, we go directly to the judgment roll to ascertain what was done and what the court determined.

The complaint demanded judgment for $3,875 for rent due from Shepard and rent he had collected. The answer was a general denial followed by a counterclaim for $10,000, the alleged value of the alleys and accessories, which Thomas and Atkinson were charged with having converted. The reply was a general denial. After the case was at issue, the parties stipulated that the court might enter an order determining that plaintiffs' cause of action and defendant's counterclaim had been compromised and settled and that the stipulation and order should forever bar the respective parties from asserting any claim or cause of action against the other by reason of the matters referred to. The judgment entered was one of dismissal with prejudice of each of the causes of action pleaded. It was not adjudged that the alleys had been converted. Nothing was said about the title or right of possession. The alleys were not in the actual possession of Thomas and Atkinson.

The doctrine referred to in the first section of the opinion is confined to cases where it is adjudged that the property of the plaintiff was converted by the defendant and plaintiff is given judgment for its value. By bringing an action to obtain such judgment the plaintiff elects to abandon his property to the wrongdoer and proceed for its value. A satisfaction of the judgment has the effect of a sale of the property as of the date of the conversion. The rule is well stated in Miller v. Hyde, 161 Mass. 472, 37 N. E. 760, 25 A. L. R. 42, 42 Am. St. 424; Dearth v. Spencer, 52 N. H. 213; and Acheson v. Miller, 2 Oh. St. 203, 59 Am. Dec. 663.

An essential of the foundation for the rule is lacking here. It has never been judicially determined that Thomas and Atkinson converted the alleys to their own use. Shepard alleged that they had converted them, but, either from lack of confidence in his claim or because both parties were uncertain as to the merits of the case, they concluded not to go on with the litigation, each party agreeing to the dismissal with prejudice of the cause of action pleaded.

We are of the opinion that the present case is not within the scope of the doctrine invoked, hence the result of the appeal is the same as before, notwithstanding the erroneous statement of fact in the original opinion.

Order affirmed.