# WILHELMINA F. HEDIGER v. AUGUST C. ZASTROW.[1]

March 2, 1928.

No. 26,378.

**What constitutes abandonment of personal property.**

1. There is no abandonment of personal property without actual and complete relinquishment accompanied by an intent to part with it permanently so that it may be appropriated by anyone finding and taking it into possession.

**When holder of lien on motor vehicle is entitled to possession.**

2. The holder of a lien on a motor vehicle perfected under G. S. 1923, § 8526, is not entitled to possession until "the commencement of the action to foreclose;" and where the machine has been converted by the lien claimant, his lien is not a defense in trover without proof of the commencement of an action to foreclose.

Abandonment, 1 C. J. p. 7 n. 39.
Motor Vehicles, 42 C. J. p. 754 n. 8.

---

See note in 4 L.R.A.(N.S.) 573; 1 R. C. L. 4; 1 R. C. L. Supp. 1; 4 R. C. L. Supp. 1.

Defendant appealed from an order of the district court for Ramsey county, Bechhoefer, J. denying his motion for a new trial. Affirmed.

*Lowell & Hunt,* for appellant.

*Herbert P. Keller, Bruce J. Broady* and *George G. Chapin,* for respondent.

STONE, J.

This action for the conversion of an automobile was tried without a jury, and the result was a decision for plaintiff. Defendant appeals from the order denying his motion for a new trial.

1. Plaintiff held the car as vendee under a conditional contract of sale. Having decided to surrender the machine rather than con-

[1]Reported in 218 N. W. 172.

tinue payments thereon, she caused it to be tendered to the Commercial Credit Trust, the assignee of her vendor. A tender, or attempt at one, was made at its place of business, and the machine left nearby by plaintiff's agent. There was no intention on her part to surrender the car to anyone other than the Commercial Credit Trust nor for any purpose other than to discharge the conditional sale contract. No more need be said to show that defendant's claim that plaintiff had abandoned the car is without merit. There was no actual and complete relinquishment of the property "accompanied by an intent to part with it permanently" so that it might have been appropriated by anyone finding and taking it into his possession. Shepard v. Alden, 161 Minn. 135, 139, 201 N. W. 537, 202 N. W. 71, 39 A. L. R. 1094.

2. The only other defense was the claim that defendant had perfected, under G. S. 1923, §§ 8524-8528 (as amended by L. 1925, p. 446, c. 352—see same sections of 2 Mason, Minn. St.), two liens for repairs made by him on the car. Defendant's formal lien statements were ruled out as defective. Without now considering the merits of the question thereby presented, we must hold against defendant because the record does not show proof or offer of proof of a foreclosure of the liens. Under the statute the lien claimant is not entitled to possession until "the commencement of the action to foreclose the lien." So defendant did not maintain the burden of proof resting upon him. He showed no right of possession as against plaintiff, and the decision below was right. The record presents no other questions.

Order affirmed.