ERNST MEDICKE and Another v. CASPER SAUER.[1]

May 1, 1895.

Nos. 9438—(235).

**Conditional Sale—Trade Fixtures—Removal after Term.**

The plaintiff made a conditional sale of a bar counter, back bar, and plate mirror to certain tenants of the defendant; and the tenants placed this personal property in the building rented of the defendant, and attached the same to such building, for saloon purposes, but in such a manner that they were easily removable without injury to the building. Subsequently the tenants, as well as several successive tenants, surrendered the same, and the defendant successively leased the premises, including this personal property. When the last tenant surrendered the premises, he left this personal property in the building. By the terms of the sale, no title to the personal property was to pass until full payment was made therefor, and the right to take immediate possession of the property upon default of payment was secured to the vendor. No payments were made, and soon after the last tenant surrendered the premises plaintiff demanded possession of the personal property, which demand was refused. *Held*, that plaintiff might maintain the action for the recovery of the property, and the rule that where the tenant is required to remove his fixtures or personal property at the expiration of the term, or be deemed to have abandoned it, is inapplicable in this case.

Appeal by defendant from a judgment of the district court for Ramsey county, in favor of plaintiffs for $276.67, entered in pursuance of the findings and order of Otis, J. Affirmed.

*Otto K. Sauer*, for appellant.

*Charles J. Berryhill*, for respondent.

BUCK, J. This action was brought to recover of the defendant the value of certain trade fixtures, which, as such, had been affixed to his real property by certain tenants. The plaintiff made a conditional sale of the fixtures to certain persons, who became the tenants of the defendant; and they, upon renting the building of the defendant in July, 1893, placed the fixtures, consisting of a bar counter, back bar, and a plate mirror, in such building, and

[1] Reported in 63 N. W. 170.

used the same for saloon purposes. These tenants surrendered the leasehold premises to the defendant in 1893, who entered into pos-.session thereof, and also at the same time took possession of said fixtures or personal property above described. Afterwards the defendant, without moving such personal property, made successive leases of said premises to different parties, the last one being to one Shearn; and he surrendered, vacated, and abandoned said premises in June, 1894, and thereupon the defendant took possession of said personal property, which still remained in the defendant's rented premises. Some time in the latter part of the month of June, or the first part of the month of July, 1894, the plaintiff demanded the property of defendant, and he refused to surrender it to plaintiff, but claimed it as his own. The record does not disclose the date of the commencement of this action, but it was in the early part of the month of July, 1894. It was expressly provided in the conditional instrument of sale of the property that the title to the same should remain in the plaintiff until payment therefor, viz. $125 cash, and $113 in 30 days after the date of the bargain, should be made, and that, in default of any of said payments, plaintiff might take possession of said personal property without legal process, and that said articles should not be removed without permission of plaintiff. The payments were never made.

As between the plaintiff and the parties with whom the conditional bargain was made, there can be no question but that the plaintiff, upon their default of payment, could lawfully resume possession of the personal property, and upon their refusal to surrender it the plaintiff would be entitled to recover the value thereof by action. The same right of action would exist in behalf of plaintiff against the defendant if he, having possession of such property, refused to surrender it to plaintiff upon proper demand first being made for it. It is not a case where the law applicable to landlord and tenant exists, and where the tenant is required to remove his fixtures or personal property at the expiration of the term, or will be deemed to have abandoned them. It appears that the fixtures were detachable and removable from the defendant's building without material injury, or any injury whatever, to the building, or to the fixtures themselves; and it clearly appears that it was the intent of plaintiff and the tenants that the fixtures were

to remain personal property, and they were not attached to the building until after the lease was made to the first tenant.

The judgment is affirmed.