[Civ. No. 177.   Third Appellate District.—May 25, 1906.]

## BEST MANUFACTURING COMPANY, Respondent, v. P. C. COHN, Appellant.

Mining Machinery—Conditional Sale to Lessee—Personal Property—Forfeiture of Lease—Conversion by Lessor.—Upon a conditional sale of a mining engine and attachments to a .lessee of mining property, under an agreement for payment therefor, in installments, and that the title should remain in the seller until fully paid for, and then conveyed to the lessee, the intention of the parties is manifest that the property shall remain as personalty, and if it is so affixed to the realty that it can be removed without injury thereto, the lessor cannot, upon default of the lessee in paying the purchase price, and upon forfeiture of the lease, claim such engine and attachment as part of the realty, and in case of his refusal to deliver the same to the seller upon demand, the seller may maintain an action against the lessor for conversion thereof.

Id.—Suit to Quiet Title—Seller not a Party.—Where the lessor brought a suit against the lessee to quiet title, to which the seller was not made a party, his right to reclaim the engine and attachments was not affected thereby. As he claimed no title in the realty, it was not necessary that he should come into such suit for any purpose.

APPEAL from a judgment of the Superior Court of Sacramento County.   P. J. Shields, Judge.

The facts are stated in the opinion of the court.

M. S. Wahrhaftig, for Appellant.

J. J. Scrivner, and A. H. Cohen, for Respondent.

BUCKLES, J.—This is an action in trover for the conversion by defendant of a gas engine and its attachments and for the recovery of the value of the same.

The action was tried before the court without a jury upon an agreed statement of facts and other evidence, and the court gave judgment in favor of plaintiff for the sum of $1,400, the value of the engine, and $50 expenses. The find-

3 Cal. App.—42

ings show that one E. B. Bullock, who was the superintendent of the Prosperity Mining Company, procured of plaintiff one forty horse-power crude-oil engine, together with the fixtures thereof, consisting. of one sparking dynamo, battery, pulley, shafting and boxes, the price—$2,100—to be paid for in installments, the title to remain in plaintiff until the purchase price was fully paid and then plaintiff to sell and convey to Bullock. The agreement was in writing and not recorded. The engine and its attachments were received and set up on land belonging to defendant but which was then under lease to. Prosperity Mining Company. That this machinery was affixed to the said mining land in the following manner: ''A solid foundation of concrete or cement was constructed mostly below the surface of the ground. Upon this concrete foundation the said crude-oil engine was placed and securely and solidly bolted thereto and the whole inclosed within a certain portion of a wooden building erected by the said Prosperity Mining Company on the land of defendant.''

That said machinery could not be removed from the position in which it was placed by said Bullock without the partial destruction of said building and without the removal of said bolts, and consequent injury to said cement foundation. The defendant had no notice or knowledge of the terms and conditions under which said engine and attachments were purchased, and had no knowledge the same were not paid for. The lease between the defendant and said Prosperity Mining Company provided for the erection of certain mining improvements by the lessee, among which was the placing thereon of a mining plant and machinery. The lease also provided that in case of breach of covenants by lessee, the lease might at the option of the defendant terminate, and that the leased land and all the improvements placed thereon revert to the defendant. This lease had been duly recorded prior to the furnishing and setting up of said machinery. The plaintiff directed the placing of said machinery which was placed on said land for mining purposes, and was being so used when this action was commenced.

That prior to beginning this action the said Prosperity Mining Company broke some of its covenants in said lease and the defendant terminated the lease and took possession of the land and all the property in controversy. This defendant

then commenced proceedings to quiet title to said premises, and procured a judgment, which judgment is now final. That plaintiff here was not a party to said action, as the defendant here did not know plaintiff claimed any interest. That default was made in the payment of the purchase price of said machinery, and on October 17, 1903, defendant being in possession of said machinery, the plaintiff demanded its return to him, which defendant refused, claiming title thereto and a right to retain possession thereof. The court found the title was in the plaintiff and the value of said property where it is located was $1400 and that plaintiff had expended $50 in the pursuit of said property.

From these facts and findings it appears that said machinery could have been removed from the realty without destroying it, and that it was not essential to the support of any part of the realty. It was the intention of both the plaintiff and Bullock that this machinery should remain personal property, and there can be no doubt that, as between the plaintiff and Bullock, the engine and its attachments remained personal property. (*Hendy* v. *Dinkerhoff*, 57 Cal. 3, [40 Am. Rep. 107].) The question arose in that case just as it does in this case. Can this machinery be regarded as personalty in the hands of the *defendant?* The court in that case held that such machinery must be so treated, in the hands of the defendant. The facts in *Hendy* v. *Dinkerhoff* were identical with the facts in the case at bar, with this exception: In the Hendy case the plaintiff leased a steam engine to one Lampson with which to run the mining operations on the land of the defendant with whom Lampson had an agreement to purchase the said mining land. At the time plaintiff leased the engine to Lampson he knew nothing of the agreement Lampson had with defendant to purchase the land, and the defendant never knew, until after he had taken possession of the mining land on default of Lampson, of the lease between plaintiff and Lampson. While in the case at bar the lease of the land made by defendant to Bullock was of record when plaintiffs furnished the engine and its attachments to Bullock. In *Jordan* v. *Myers,* 126 Cal. 365, [58 Pac. 1061], which was an action to foreclose a laborers' and materialmen's lien on a mine and the mining machinery, which had been placed there under an agreement with the right to remove the same,

at page 567 in that case the court said: "It is settled law that this personal property cannot be treated as part of the realty so far as the owner of the mine and the defendants are concerned," and quotes *Hendy* v. *Dinkerhoff*, 57 Cal. 3, [40 Am. Rep. 107], as authority. But appellant here claims that as plaintiff caused the engine to be placed in the mine in the manner above found and took a note for deferred payments, it thereby consented to the change of the property from personalty to realty. But this cannot be, for the note referred to contains the following: "It is admitted and agreed that the said property so intrusted is the property of the Best Manufacturing Company and the legal title thereof is in the said The Best Manufacturing Company and shall remain in them until they shall make the aforesaid sale and transfer after the principal and interest aforesaid shall be paid." Whatever may be said by Ewell on Fixtures as to annexation of chattels to realty can have no application here, where the rule in California seems so well settled. Nor is the rule so harsh a one as appellant seems to think. The defendant recovered back from Bullock all he had given him when he leased him the mine, and in justice could have no right to anything more. If any injury was done to the realty by reason of attaching the engine to it and then severing and taking away, he had his remedy against his tenant. We do not think the suit to quiet title brought by defendant, to which plaintiff was not a party, could affect its right to recover its personal property. Plaintiff at no time made claim of any interest in the premises. Under the rule in the Hendy case, his property was not a part of the realty, and, therefore, it was not necessary that he should have come into said suit for any purpose.

Judgment affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1906. Beatty, C. J., dissenting.