## H. STANLEY HANSON v. FLORENCE H. VOSE AND ANOTHER.[1]

December 12, 1919.

No. 21,450.

**Fixture.**

1. A chattel does not become a fixture, unless physically or constructively annexed to the freehold.

**Chattel.**

2. An article annexed to the freehold, but which can be removed without substantial injury to the realty, may remain a chattel, if the circumstances show that such was the intention.

**Landlord and tenant — fixture.**

3. Where the holder of a ground lease erects an apartment building

[1]Reported in 175 N. W. 113.

and installs a gas range and a door bed in each flat, and thereafter forfeits his lease, these articles will pass as fixtures to the owner of the realty, if no rights of third parties are infringed and there be no agreement to the contrary.

**Same — rights of third parties.**

4. As against third parties having rights in these ranges and beds, the landowner is in substantially the same position as a prior mortgagee of the land.

**Conditional sale of gas ranges and door beds — rights of vendee's assignee.**

5. Where the holder of the ground lease purchased these ranges and beds under a conditional contract of sale, by which title and right of removal remained in the vendors, and after defaulting in his payments transferred all his rights in them to a third party, not concerned in the real estate, whom the vendors accepted as the purchaser in his stead, he never had the right to make them a part of the realty, and such third party is entitled to them as against the landowner.

**Rule inapplicable.**

6. The rule requiring a tenant to remove his removable fixtures at or before the end of his term does not apply to a person in the position of such third party.

Action in replevin in the district court for Hennepin county to recover possession of the chattels enumerated in the first paragraph of the opinion, or for $1,738.25, the value thereof in case delivery could not be had and $500 for their detention. In their answer defendants alleged that demand was made for the property and refused by defendants; that the property had not been taken for a tax assessment or fine, nor sold under an execution or attachment and that defendants were still in possession of the property. The case was tried before Fish, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony granted their motion for a directed verdict in favor of defendant Vose. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*George S. Grimes,* for appellant.

*William B. McIntyre,* for respondents.

TAYLOR, C.

Replevin to obtain possession of 19 Murphy door beds, 19 gas ranges

and two laundry stoves. The court directed a verdict for defendant, and plaintiff appealed from an order denying a new trial.

Defendant Vose, who will be designated as defendant hereafter, leased a parcel of land in the city of Minneapolis to Harold N. Falk for a term of one hundred years at a specified annual rental payable quarterly. The lease required Falk to erect a brick apartment building on the property "divided into flats and all complete and ready to live therein and to rent," and provided for the execution of a mortgage on the building and land for a part of the cost of the building. Falk erected a building divided into 19 flats and installed a Murphy door bed and a gas range in each flat and two gas laundry stoves in the basement. He purchased the ranges and stoves from the Minneapolis Gas Light Company under a contract which provided for payment of the purchase price in monthly instalments, and further provided that the company retained ownership of them, with the right to take possession of and remove them in case of default in such payments. He purchased the beds from the New England Furniture & Carpet Company under a similar contract. These contracts were duly filed in the office of the city clerk. After making the stipulated payments for a considerable time, Falk defaulted therein, and on account of such default the gas company was about to reclaim and remove the ranges and stoves, and the furniture company was about to remove the beds. Falk was also indebted to A. R. Chesnut in the sum of $4,000. He and Chesnut made an arrangement with plaintiff, by which he conveyed to plaintiff by bill of sale all his interest in the ranges, stoves and beds, and plaintiff agreed to make the remaining payments to the companies as they accrued, and to sell the ranges, stoves and beds as soon as they were fully paid for, and, after deducting his advances with interest from the proceeds, to pay the balance thereof to Chesnut to be applied on Falk's indebtedness to Chesnut. Falk assigned to plaintiff his contract with the furniture company and that company assented thereto. Falk's contract with the gas company was surrendered and canceled, and in lieu thereof a new contract was executed by that company directly to plaintiff. Plaintiff made the payments to the companies as they accrued, until the amounts unpaid were reduced to the sums of $35 and $20, respectively.

In the meantime defendant had canceled Falk's ground lease of the

land for nonpayment of rent, and took possession of the building and the ranges, stoves and beds, claiming them as a part of the realty. About five weeks later, and after an unsuccessful attempt to adjust the matter, plaintiff brought this action.

The question presented is whether the court erred in ruling as a matter of law that the ranges, stoves and beds had become a part of the realty.

While there are well settled general rules for determining whether an article, originally personal property, has become a fixture, that is, a part of the realty, it is frequently difficult to determine whether, under the peculiar facts of a particular case, a particular article has become a part of the realty or still remains personal property.

To become a fixture the article must be physically or constructively attached to the freehold. If not attached to the freehold and not an essentrial or component part of some structure or appliance which is attached to it, the article remains a chattel, although intended for permanent use on the premises. If annexed to the freehold, the manner in which it is annexed may convert it into realty regardless of other considerations, as where brick or other material has been incorporated into a permanent building, or where an article, otherwise a severable chattel, cannot be removed without leaving the freehold in a substantially worse condition than before the annexation. Usually, however, the manner of annexation is not decisive, but only one of several facts to be taken into account in determining whether the article has become realty or remains personalty as between the parties concerned. Northwestern Lumber & W Co. v. Parker, 125 Minn. 107, 145 N. W. 964.

In the present case the ranges and stoves were annexed to the building only by the ordinary plumbing fixtures, and could be unscrewed from the gas pipes and removed without injury to the building itself.. The door beds were arranged to swing back into closets when not in use. In order to receive them the closets were constructed of a greater size and with wider doors than ordinary closets. Each bed rested on a pedestal which was fastened to the floor by screws, and served as a pivot on which the bed was swung from the room into the closet or from the closet into the room. There was also an appliance for holding the bed in position which was fastened to the door casing by screws. These beds could be removed without material injury to the building. Both the ranges and

stoves and the beds were annexed to the building sufficiently to constitute them fixtures under some circumstances. So far as annexation is concerned they are in about the same situation as the radiators and office desk held to be fixtures as between mortgager and mortgagee in Capehart v. Foster, 61 Minn. 132, 63 N. W. 257, 52 Am. St. 582.

Falk took possession of the land as lessee for a term of 100 years under a lease which required him to erect an apartment building, divide it into flats and fit them ready to rent. In completing the building he placed a gas range and door bed in each flat for the use of those who should rent the flats. These articles were adapted to the purpose for which the building was constructed, and enhanced its rental value, and were intended to be rented with the flats as a part thereof. Under such circumstances Falk's position was different from that of an ordinary tenant who rents a building and installs conveniences therein for his own use, and these articles would clearly be fixtures as between him and defendant, if no rights of third parties were involved. But Falk purchased these articles under a conditional sale contract, by which they were to remain chattels with the title and right of removal in the vendors. They never became Falk's property and he never acquired the right to make them a part of the realty. He defaulted in the stipulated payments, and, when the vendors were about to retake their property, he made an agreement with the vendors and the plaintiff, by which the plaintiff was substituted in his stead as purchaser and was to become the owner of these articles on completing the payments as provided in the contracts. Plaintiff had no interest in the real estate, either as tenant or otherwise; neither had Chesnut, for whose benefit plaintiff seems to have taken over the contracts. Plaintiff dealt with these articles as chattels, and intended that they should remain chattels. This clearly appears from the fact that if they became a part of the realty in which he had no interest, he would acquire nothing by his payments, and would be unable to carry out his contract with Chesnut. He clearly had the right as against Falk to remove these articles from the building and the question here is whether he also had that right as against defendant.

The rule that articles so annexed to the freehold as to appear to be fixtures pass to a subsequent purchaser, who buys the land without notice of the rights of third parties in such articles, does not aid defendant, for

she is not a subsequent purchaser, but acquired all her rights in the land before the articles in controversy were annexed to it. As against plaintiff, she is in substantially the same position as a subsequent purchaser with notice of his rights, and has no better claim to these articles than a prior mortgagee of the realty would have. Such a mortgagee cannot hold as a part of the realty articles annexed to it by the mortgagor, but to which the mortgagor never acquired title. Belvin v. Raleigh Paper Co. 123 N. C. 138, 31 S. E. 655.

In Medicke v. Sauer, 61 Minn. 15, 63 N. W. 110, trade fixtures purchased under a conditional contract of sale were installed by the vendee in a leased building, and were subsequently surrendered with the building to the landlord, who thereafter claimed them as part of the realty and leased the building with the fixtures therein to other parties. It was held that the landlord had no better title to the fixtures than the vendee in the conditional contract of sale, and that the vendor was entitled to recover their value from him on his refusal to surrender them.

In Northwestern Mut. Life Ins. Co. v. George, 77 Minn. 319, 79 N. W. 1028, 1064, a refrigerating plant purchased under a conditional contract of sale was installed in a cold storage warehouse owned and operated by the vendee. The action was between an assignee of the vendor and the holder of a mortgage on the realty executed and recorded prior to the installation of the refrigerating plant. It was held that the vendee had no conveyable title in the refrigerating plant, which he could vest in another so as to defeat the rights of the vendor, and that the vendor was entitled to the property as against the mortgagee of the real estate.

In Merchants Nat. Bank v. Stanton, 55 Minn. 211, 56 N. W. 821, 43 Am. St. 491, an oatmeal mill was erected and equipped with appropriate machinery by one Dobson on land belonging to Stanton, and in which Dobson had no interest other than that of a mere licensee. The court said that, in the absence of an agreement to the contrary, the building and machinery would become a part of the realty; that having been placed on the land with Stanton's permission they were personal property as between him and Dobson, and that the plaintiff, claiming under a mortgage of the real estate executed by Stanton prior to the erection of the mill, had "no better or greater right to these annexations than Stanton would have."

In Pioneer Savings & Loan Co. v. Fuller, 57 Minn. 60, 58 N. W. 831, the owner of a lot, with an uncompleted dwelling house thereon, mortgaged it under a promise to complete the building, and, among other things, agreed to complete the fireplace by putting in a mantel, grate and tiling. Instead of doing so, he leased the building under an agreement, by which the tenant installed the mantel, grate and tiling, with the right to remove them. It was held, following Merchants Nat. Bank v. Stanton, supra, that, although the mortgagee was not a party to the agreement with the tenant and these articles would be a part of the realty except for that agreement, the tenant had the right to remove them.

In Pabst v. Ferch, 126 Minn. 58, 147 N. W. 714, L.R.A. 1915E, 822, it was held in effect that a purchaser of real estate, without notice of the rights of third parties in articles which appear to be fixtures, is entitled to such articles as a part of the realty, but that a purchaser, with notice of the rights of third parties, is not entitled to them as against such third party.

The question as to whether the holder of a chattel mortgage on an article annexed to the freehold, is entitled to such article as against the owner of the real estate or the holder of a mortgage or other lien thereon, has been answered in favor of the holder of the chattel mortgage by several courts. Edwards & Bradford Lumber Co. v. Rank, 57 Neb. 323, 77 N. W. 765, 73 Am. St. 514; Ames v. Trenton Brewing Co. 56 N. J. Eq. 309, 38 Atl. 858; Sisson v. Hibbard, 75 N. Y. 542; Manwaring v. Jenison, 61 Mich. 117, 27 N. W. 899; Sword v. Low, 122 Ill. 487, 13 N. E. 826; Hewitt v. General El. Co. 164 Ill. 420, 45 N. E. 725; Belvin v. Raleigh Paper Co. 123 N. C. 138, 31 S. E. 655.

The case of Best Mnfg. Co. v. Cohn, 3 Cal. App. 657, 80 Pac. 829, is much like the present case in its facts. There the lessee under a lease which provided for the construction of a mining plant equipped with machinery, and that the land with all improvements thereon should revert to the lessor, if the lease should be forfeited for breach of its covenants, purchased the machinery under a conditional contract of sale and annexed it to the realty. He forfeited his lease and failed to pay for the machinery. The lessor took possession of the land and also of the machinery, claiming it as a part of the realty. It was held that the vendor of the machinery was entitled to it as against the lessor of the real estate.

See to the same effect Wetherill v. Gallagher, 217 Pa. St. 635, 66 Atl. 849.

As already stated defendant occupied no better position in respect to the articles in controversy than a subsequent purchaser of the real estate with notice, or the holder of a prior mortgage on it, and we have reached the conclusion that she was not entitled to them as against plaintiff and that plaintiff had the right to remove them.

The rule requiring a tenant to remove what are frequently termed removable fixtures at or before the end of his term does not apply where the duration of the term is uncertain, Ray v. Young, 160 Iowa, 613, 142 N. W. 393, 46 L.R.A.(N.S.) 947, Ann. Cas. 1915D, 258, and note attached to the L.R.A. report, nor to a person in the position of the plaintiff herein. Medicke v. Sauer, 61 Minn. 15, 63 N. W. 110.

The order appealed from is reversed.