## HOLLAND FURNACE COMPANY v. ARCHIE C. JEFFERSON AND ANOTHER.[1]

December 9, 1927.

No. 26,348.

**When heating furnace purchased by tenant may be removed from dwelling house by seller.**

1. Where a tenant in possession installed a hot air furnace in the basement of a dwelling house, under a conditional sales contract, and the owner of the realty knew of and consented to such installation although he did not know that there was a conditional sales contract, and such furnace and attachments can be removed without material injury to the building, the furnace and attachments did not become a part of the realty as between the seller and the owner and may be removed by the seller on default in payments.

**Conditional sales contract admissible in evidence.**

2. There was no error in receiving the conditional sales contract in evidence.

**Charge to jury correct.**

3. There were no sufficient exceptions to the charge at the trial but, passing that and reviewing the portion of the charge assigned as error, we find no cause for complaint.

[1]Reported in 216 N. W. 795.

Fixtures, 26 C. J. p. 684 n. 87; p. 689 n. 45; p. 736 n. 81 New.

See 11 R. C. L. 1078; 6 R. C. L. Supp. 687.

Defendants appealed from an order of the municipal court of St. Paul, Parks, J. denying their alternative motion for judgment or a new trial. Affirmed.

*George B. Spencer,* for appellants.

*Weikert, Lohmann & Wilford,* for respondent.

OLSEN, C.

Plaintiff brought action in replevin to recover possession of a furnace, casing and hood, with hot and cold air pipes, and had a verdict in the trial court. Defendants made a motion for judgment in their favor notwithstanding the verdict or for a new trial, and appeal from the order denying the motion.

The defendant Metz was a tenant of defendant Jefferson and claims no interest in the litigation, and the word "defendant," when used hereafter, refers to defendant Jefferson.

The facts are in substance as follows: One Ackerman owned a lot in the city of St. Paul and erected a dwelling house thereon. He purchased building material from the Jefferson Lumber Company, or Archie Jefferson Lumber Company, and became indebted to it in the sum of about $1,500. On July 17, 1925, Ackerman borrowed $2,200 from the Matteson Company to finance the building, on a mortgage on the property. The house was not fully completed at that time and it may be inferred that the loan company required all lienable claims to be either paid out of the proceeds of the loan or else that waivers of liens be obtained so as to protect its mortgage as a first lien. Out of this loan $700 was paid to the Jefferson Lumber Company on its bill. No furnace had been installed in the house at this time. Ackerman had given an order or contract to put in the furnace to some third party, whose name is not in the record, and this party had started to put it in, but apparently had some dispute with the Matteson Company in regard to lien waiver

and refused to go on with the work. It is not material just what the trouble was; the result was that no furnace was put in by this party. Ackerman concluded he would not be able to pay the lumber bill or keep the house. On July 29, 1925, he conveyed the premises by warranty deed to defendant Archie C. Jefferson of the Jefferson Lumber Company, under an agreement with Jefferson and this company that this satisfied his indebtedness to them and that they were to pay him in addition $250 for his labor upon the house. Whether the disagreement with the first furnace man was before or after the deed to defendant was given does not appear. Defendant's attorney, Spencer, testified that he prepared this deed to defendant on July 29, 1925, and that he had charge of this property as attorney for defendant from July 29, 1925, up to the time of the trial. After the first furnace man had refused to install the furnace and after the deed had been given to defendant, Ackerman spoke to Spencer about the furnace, and Spencer told him to get a "Holland." Ackerman then went to the plaintiff, the Holland Furnace Company, and contracted with it to put in the furnace. The contract provided for payment on the instalment plan and that the furnace should remain personal property, the title to be in the furnace company until it was fully paid for, with the right to remove the same in default of payment. The price was $282, and Ackerman paid the first instalment of $15. No further payments were made, and most of the balance was due and in default when this action was commenced. The contract was made August 3, 1925, and the furnace installed within a week thereafter. It also appears that plaintiff, at the time the contract was made, gave to the Matteson Company a lien waiver as to the mortgage held by that company, and that on October 21, 1925, plaintiff filed a mechanic's lien for the price of the furnace against the property, but that it made no attempt to enforce the lien and later discharged it.

The party who first agreed to put in a furnace had made some preparation therefor, and the floor registers and openings were in. There was a cement floor in the basement. Plaintiff placed the furnace on this floor; partly cemented in the base or ring of the furnace; put in hot and cold air flues or pipes and hung these on

the overhead floor joists by nailing strips of tin to the joists; and connected the furnace with a hot water tank by running a pipe or pipes from the tank to a coil in the furnace, all in the basement of the house. The furnace was a hot air furnace, and the house was built with the intention of having it heated by a furnace. There is evidence that some pipes or flues had asbestos covering.

There is evidence that the furnace and all flues, pipes and accessories put into this basement by plaintiff could readily be and were removed without any material injury to the building.

Ackerman remained in possession and occupied the house for a month or more after he conveyed it to defendant. The inference is clear that this was by consent of defendant. Ackerman thus became a tenant of defendant. He was a tenant at will. Thompson v. Baxter, 107 Minn. 122, 119 N. W. 797, 21 L.R.A.(N.S.) 575. It was while so in possession that Ackerman contracted for and had the furnace placed in the house.

The defendant assigns as error the denial by the court of his motion for judgment notwithstanding the verdict and the denial of his motion for a new trial. Error is also assigned upon the ruling of the court admitting in evidence the contract between Ackerman and plaintiff for the purchase and installation of the furnace. One part of the charge is assigned as error. There was no sufficient exception thereto at the trial but, passing that and considering the charge on the question of notice as it was given, we find no error therein under the evidence as here presented.

1. Was it error to admit in evidence the contract between Ackerman and plaintiff? The evidence sustains, and probably requires, a finding that while defendant was the owner of this house and Ackerman occupied it as his tenant he consented to and directed Ackerman to put in the furnace. Defendant is not a subsequent purchaser or mortgagee without notice of plaintiff's contract rights. Even if the furnace be considered a fixture in the ordinary sense, defendant is not in a position to reap the benefit thereof in disregard of plaintiff's contract rights, where the furnace can readily be removed without material injury to the property.

The well considered case of Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573, opinion by Taylor, C. is decisive of this case. In that case the tenant placed removable fixtures in the building. These articles were purchased by the tenant under a conditional sales contract, by which they were to remain chattels with the title and right to removal in the vendor. As against the owner of the property who was such at the time the articles were annexed to the building, it is held [at p. 268] that "these articles would clearly be fixtures * * * if no rights of third parties were involved," but that, as the tenant purchased the articles under such conditional sales contract and defaulted in his payments, they never became his property and he never acquired the right to make them a part of the realty; that as against the tenant the vendor clearly had the right to remove the articles from the building if they could be removed without material injury to the building. It is further held that the owner of the realty, not being a subsequent purchaser, was in substantially the same position as a subsequent purchaser with notice of the rights of the vendor of these articles and had no better claim thereto than a prior mortgagee of the realty would have had; and that such a mortgagee cannot hold, as part of the realty, articles annexed to it by the mortgagor but to which the mortgagor never acquired title.

The case of Merchants Nat. Bank v. Stanton, 55 Minn. 211, 219, 56 N. W. 821, 43 A. S. R. 471, cited in Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573, is instructive in that it holds that "where the erections are made by one having no estate in the land, and hence no interest in enhancing its value, by the permission or license of the owner, an agreement that the structures shall remain the property of the person making them will be implied, in the absence of any other facts or circumstances tending to show a different intention." In that case the annexation in question was a substantial building, equipped as a mill, and it was held that the licensee who erected the mill was the owner thereof and that it had not become part of the realty, although, in the absence of any agreement, it would clearly be a fixture.

The rule that, as to a prior mortgagee, annexations made to the realty, to which the mortgagor or owner never acquires title and which may be removed without material injury to the realty, do not become part of the realty and may be removed by the one owning them is well settled. 26 C. J. 684, § 49.

The same rule applies as to property annexed under a conditional sales contract. Northwestern Mut. Life Ins. Co. v. George, 77 Minn. 319, 79 N. W. 1028, 1064.

In Dower Lbr. Co. v. Rodewald, 157 Minn. 314, 196 N. W. 473, the court followed the case of Hanson v. Vose, 144 Minn. 264, 175 N. W. 113, 7 A. L. R. 1573, and held that an engine, bolted to a concrete foundation and the boiler set on a foundation and bricked in, was subject to a chattel mortgage given thereon prior to the annexation thereof to the realty.

The rule that the tenant is required to remove his fixtures at the expiration of his lease does not apply where the duration of the term is uncertain, or as against a third party having a claim thereon. 3 Dunnell, Minn. Dig. (2 ed.) § 3771; Medicke v. Sauer, 61 Minn. 15, 63 N. W. 110.

The conditional sales contract between Ackerman and plaintiff was properly received in evidence to prove that the furnace and attachments were chattels and subject to removal, and to prove plaintiff's title thereto.

The case of Northwestern Lbr. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964, is not in conflict with the rules herein stated. One paragraph of the syllabus to that case states:

"A tenant, with the assent of the landlord, gave a chattel mortgage on articles attached to the realty. The effect of this was to make these articles personal property as between these parties, but the rights of persons performing labor in annexing such articles to the freehold without knowledge of such contract could not be affected thereby."

Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248, is also a mechanic's lien case, and what is decided is that the question of whether or not the heating plant was a removable fixture

was a question of fact, and that upon the evidence in that case the court was justified in finding that as between the tenant and landlord this plant, which was substantially attached and was put in to replace a prior one belonging to the landlord, was a part of the realty.

The case of Des Moines Improvement Co. v. Holland Furnace Co. (Iowa) 212 N. W. 551, is distinguishable from the present case. In that case the owner of the real estate sold it to another under an instalment contract which provided, among other things, for forfeiture in case of default in payments, and that the vendee in such case should have no claim against the vendor by reason of "any payments or improvements made." An assignee of the vendee went into possession and, without notice to or knowledge of the vendor, installed a furnace in the house on the premises under a contract similar to the one in this case. The vendee defaulted in his payments. The court held that the furnace, having become a part of the realty "without the knowledge or consent, express or implied, of the appellee," the seller of the furnace could not remove it.

Conflicting decisions from other states may no doubt be found, but we follow what we deem to be the law of this state as shown by our own decisions.

2. It is urged that by filing a mechanic's lien the plaintiff elected its remedy and cannot now claim under the conditional sales contract. The mere filing of such lien, without any attempt to enforce it, does not amount to an election. Whether an election would be necessary in any event, we do not decide.

3. The court submitted the case to the jury on the issues of whether or not this was a removable fixture and whether or not defendant had notice or knowledge of the installation of the furnace. As applied to the facts in this case, the charge was without error, and the evidence fully sustains the verdict under that charge. There was no error in denying defendant's motion for judgment notwithstanding the verdict or for a new trial, and the verdict must stand.

Affirmed.