## HIRAM B. EDDY *vs.* JAMES T. CHACE & others.

Bristol.  Oct. 29, 1885. — Jan. 8, 1886.  FIELD & C. ALLEN, JJ.,
absent.

An objection that the declaration in an action on the Pub. Sts. *c.* 136, §§ 26, 27, against the heirs of a deceased person, for a breach of the covenants in a deed of land from him to the plaintiff, does not allege that the estate of the deceased has been settled, and that the defendants have received any estate from him, must be taken by demurrer; and it is too late to take it at the trial.

In an action for a breach of the covenants in a deed of land, the construction of the deed is for the court.

A deed of land contained the following boundaries : " thence southerly by the highway to land of M.'s mill privilege, thence southerly by M.'s land to the highway ; " and also contained general covenants of seisin, against incumbrances, and of warranty. *Held*, that the deed referred to the "land of M.'s mill privilege" merely as a monument or boundary of the land conveyed ; and that the mill privilege was not taken out of the operation of the general covenants of the deed.

Mere non-user of a mill privilege for more than twenty years, if unaccompanied by any decided or unequivocal acts of the owner inconsistent with the continued existence of the easement, will not extinguish it.

MORTON, C. J.  This is an action, brought under the Pub. Sts. *c.* 136, §§ 26, 27, against the heirs of Samuel Chace, deceased, to recover for a breach of the covenants in a deed of land from said Chace to the plaintiff.

At the trial, the defendants objected that the declaration did not formally set out that the estate of said Chace had been settled, and that the defendants had received any estate from him ; and asked the court to rule that the plaintiff could not maintain his action.  This objection should have been taken by demurrer, and it was too late to take it at the trial.  *Commonwealth* v. *Dracut*, 8 Gray, 455.

In the deed to the plaintiff, two of the boundaries are as follows :  " thence southerly by the highway to land of William Mitchell's mill privilege, thence southerly by William Mitchell's land to the highway."

The defendants contended, and asked the court to rule, that the deed of Chace " did not convey the premises free from the mill privilege granted in his deed to Joseph Hooper, but the plaintiff was fully notified of every incumbrance by reference ' to the land of William Mitchell's mill privilege ' in his deed ; "

and also, " that it is competent .for the jury to say whether, upon the evidence, any warranty against the mill privilege was intended or expressed in the deed."

These requests were properly refused. It was the province and duty of the court to construe the deed from Chace to the plaintiff. This deed contains general covenants, that "I am lawfully seised in fee of the afore granted premises; that they are free from all incumbrances;" and that "I will, and my heirs, executors, and administrators shall, warrant and defend the same to the said Hiram B. Eddy, his heirs and assigns forever, against the lawful claims and demands of all persons."

The descriptive part of the deed refers to "land of William Mitchell's mill privilege" merely as a monument or boundary of the land conveyed, and cannot, by any rule of construction, be held to take the mill privilege, or any of the other privileges or rights granted by the deed from Chace to Hooper, out of the operation of the general covenants of the deed. The grantor does not convey the land described subject to these rights and privileges; he conveys it free from all incumbrances, and expressly covenants that he will warrant and defend it against the lawful claims and demands of all persons.

There was evidence tending to show a non-user of the Mitchell mill privilege for many years; and the defendants asked the court to rule, " that, if the owner or owners of the mill privilege ceased to use the same for an unreasonable length of time, the privilege is thereby lost, and the entire and continued disuse of such privilege for twenty years is strong *prima facie* evidence of a non-user for an unreasonable length of time, and, unless rebutted by clear and satisfactory proof, is conclusive." The court rightly refused this ruling.

Mere non-user of an easement like the one in question, though continued for more than twenty years, will not extinguish it. The owner of an easement may abandon it, but mere non-user does not show an abandonment; to produce this effect, the non-user must originate in, or be accompanied by, some decided and unequivocal acts of the owner inconsistent with the continued existence of the easement, and showing an intention on his part to abandon it. *Barnes* v. *Lloyd*, 112 Mass. 224. *King* v. *Murphy*, *ante*, 254.

There was no evidence in this case of any such unequivocal acts of the owners of the easement; and the court therefore rightly ruled, that the easement "did not appear, upon the evidence, to have been lost by abandonment."

*Exceptions overruled.*

*J. M. Wood,* for the defendants.

*A. J. Jennings, (J. M. Morton* with him,) for the plaintiff.