## Reynolds v. White Plains Oil & Gas Company.

(Decided May 18, 1923.)

### Appeal from Allen Circuit Court.

1. Mines and Minerals—Lessee Held Not Entitled to Cancellation for Failure to Produce Oil.—Where an oil and gas lease provided it should continue for five years and so long thereafter as oil and gas are produced thereon, without requiring the production to be in paying quantities, the lessor is not entitled to a cancellation of the lease while two wells thereon were being pumped every other day, though they produced less than a barrel of oil per day.

2. Mines and Minerals—Lessee is Sole Judge Whether Oil is Produced in Paying Quantities, if There is Sufficient to Pay Royalties.—The lessee who, at his own expense, drills the wells and equips and operates them, has the exclusive right to determine when a well is producing oil or gas in paying quantities, provided the production is substantial and sufficient to pay the lessor a royalty

justifying the obstruction and interference which he suffers as the result of the occupation of his premises.

3. Mines and Minerals—Lessee Devolping Property in Good Faith Will be Protected.—As a matter of public policy, which looks to the facilitation of development work in oil, gas, and other minerals, a lessee who in good faith is prosecuting work for development with reasonable diligence will be protected against cancellation of his lease, but a strict rule will be applied to the mere speculator who takes long term leases to hold without development, in the hope that others may explore the region and make the holdings valuable without expenditure upon his part.

OLIVER & DIXON for appellant.

GILLIAM & GILLIAM for appellee.

OPINION OF THE ·COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The sole question presented by this appeal is whether a lessor of lands to be explored and developed for oil and gas on a royalty basis may have a cancellation of the lease contract on the grounds that the lessee is not producing oil and gas, or either, in paying quantities from the leasehold. The lessor does not seek relief because the lessee did not within a reasonable time after notice from the lessor so to do, proceed with development for the purpose of finding and producing more oil but merely upon the theory that the appellee company was not producing oil in ·paying quantities. It is admitted that the lessee, White Plains Oil and Gas Company, has sunk three wells on the leased premises to the oil bearing formation in that district in Allen county, and that two of the wells produce oil while the third one is dry. The two wells which produce oil have been rigged up with pumps and power to which is attached a 100-barrel tank for receiving the oil, and the said two wells are being pumped at least every other day for a stated period, each pumping day, and are producing oil in small quantities; that after pumping the said wells for several weeks the 100-barrel tank had fifty-eight ·(58) inches of oil in it which is estimated to be fifty-eight (58) barrels; that this quantity of oil was marketed through the pipe line to which the tank was connected, and thereafter the wells were pumped, producing less than a barrel of oil per day every other day.

The lease contract provides that the lessee shall "Have and hold said premises for said purposes for the

term of five years from this date, and so long thereafter as gas or oil is produced, or operations are continued thereon.''

It also contains the following provision:

''Second parties (lessees) covenants and agrees to complete a well on the said premises within six months from the date hereof or pay to the first party at the rate of $31.25 in advance for each additional three months such completion is delayed from the time above mentioned for the completion of such well until a well is completed, or this lease surrendered as hereinafter provided. Such payment for delay may be made by check mailed to him at Scottsville, Kentucky, or deposited to his credit in the First National Bank, Scottsville, Kentucky; or upon the failure of lessee to pay any yearly or quarterly sum which has become payable as above provided for delay in completing a well, lessor shall give the lessee ten days' written notice to pay the same; after the expiration of said ten days this lease shall become absolutely null and void if said money is not paid.''

It will be observed from the quotation from the lease contract that the lease was to continue for five years from its date and so long thereafter as oil and gas are *produced or operations are continued thereon.* Oil was being produced on the premises at the time of the commencement of this action and presumably at all times since; further operations were continuing on the premises at the time of the commencement of this action and since said time. According to the terms of the lease the lessor was not entitled to a cancellation thereof even though the five-year period had expired.

It is insisted by appellant, who alone files a brief, that neither oil nor gas was produced in paying quantities on the leased premises and therefore the five-year period having expired, the lessor was entitled to a cancellation of the lease. The expression ''in paying quantities'' is not employed in the contract, but had it been so employed in the contract lessor would be in no better condition for the general rule is, as laid down in Thornton on Oil & Gas, sections, 148, 149 and 151, that the lessee who at his own expense drills wells, equips them and operates them, has the exclusive right to determine when a well is producing oil or gas or both in paying quantities. This court has modified this rule to some extent by holding

that the production must be substantial and sufficient to pay the lessor a royalty justifying the obstruction and interference which he suffers as a result of the occupation and operation on his premises. Enfield v. Woods, 198 Ky. 328; Kies v. Williams, 190 Ky. 596. What is meant by the expression "paying quantities" is concisely set out in 97 Am. St. Rept. 1024.

We have held in one of the earlier cases, Bay State Petroleum Co. v. Penn Lub. Co., 121 Ky. 637, that where an oil lease was for a specified time, as in this case, or as long as oil was produced in paying quantities, the lessee had the right to determine when he was no longer obtaining oil in paying quantities. As a matter of public policy which looks to the facilitation of development work in oil, gas and other minerals, we have held that a lessee must proceed with the work of exploration and development within a reasonable time, if no time be fixed in the contract, or if a time be fixed within such time, if he would continue the contract in force. Our rule is to protect the good faith lessee who is prosecuting work for development with reasonable diligence against the cancellation of his lease but to apply the strict rule to the mere speculator who would take long term leases, holding them without development in the hope that others may explore the region and make the holdings valuable without effort or expenditure upon his part. Such lease contracts are a hindrance to the progress of the state, and therefore against public policy. As the lessee in the contract under consideration not only drilled three wells within the time provided by the contract but hooked up and pumped the only ones which showed oil, thus prosecuting the work with reasonable diligence and in the manner generally adopted by persons engaged in the same business, we are unable to find any ground upon which the trial court could have granted the prayer of the petition and have cancelled the lease contract, in the absence of a showing that appellant had given notice of his intention to cancel the lease unless appellee company drilled other wells within a reasonable time or did other necessary development work. No such notice was given. The trial court having declined to grant such relief the judgment is affirmed.

Judgment affirmed.