### Stinnett et al. v. Kinslow.

(Decided May 12, 1931.)

E. H. SMITH for appellants.

V. H. BAIRD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

A. J. Stinnett, a resident of Barren county died in the year 1896, having theretofore made and published a will which was probated in that county on Oct. 22, 1896. Items 2 and 3 thereof, the only ones necessary for us to consider, are as follows:

### "ITEM 2.

"As my youngest daughter Josephine Kinslow has lived with me and cared for me and her mother it is now my will and desire and I hereby bequeath to her all and singular my estate owned by me at my death, real, personal and mixed of every kind or character whatever for and during her life or widowhood.

### "ITEM 3.

"Should my said daughter Josephine never marry again she is to have and enjoy my said property during her natural life with power to dispose of it as she may see proper by will or otherwise provided however she should remarry or should abandon the lands I have bequeathed to her by moving away from it, then and in that event it is my will and desire that my said real estate be sold and the proceeds thereof divided among my heirs at law as they would take under the laws of distribution of this state, but in the event that said lands are sold for distribution among my heirs it is my will and desire that in making said distribution that my said heirs (sons and sons-in-law) shall be charged with any sum or sums I may have paid for them during my life time."

Jack Stinnett and other heirs at law of A. J. Stinnett instituted different actions against Josephine Kinslow, the appellee, and in their petitions set up the provisions of the will and alleged that the appellee has moved away from the land that was devised to her under the will and has not lived on same for many years, and

that, by reason of her moving away and abandoning the land, they are entitled to have it sold and the proceeds thereof divided among the heirs of testator. They ask that the cause be referred to the master commissioner to report the amount of property left by testator and the legal claims against the estate, for a sale of the land, and, after payment of testator's debts and the costs of action, for a division of the proceeds. By order of the court, the actions were consolidated.

By answer, appellee denied that she has abandoned the lands devised to her, and made some other issues which it is not necessary to refer to in this opinion.

Appellee is the widowed daughter of testator, and she with her daughter, who has since married W. T. Flowers, lived with testator upon his farm. The daughter of appellee married about the year 1905, and has lived with her husband in the city of Glasgow since that time. About six years prior to the time this case was being prepared for trial, the mansion house on the land in controversy and practically all its contents were destroyed by fire. Prior to the time the house burned, appellee lived upon the farm, but spent considerable time, especially during the winter months, with her daughter in Glasgow. Since the destruction of the home she has spent practically all her time with her daughter, although there is evidence that she makes frequent trips to the farm in daytime, returning to her daughter's home at night. She has also at times spent a week or more in the home of tenants on her farm.

She replaced the home which was burned with a 4-room bungalow which cost about $1,200. She also built a box tenant house costing about $400 and a tobacco barn costing about $800. She received $800 insurance on the house which was destroyed. It also appears that subsequent to her father's death and before the house burned she erected a stock barn upon the land.

A number of witnesses were introduced on behalf of appellants, most of whom resided in the neighborhood of this farm and some of whom had occupied the farm as tenants. From their evidence it appears that in recent years Mrs. Kinslow has spent very little time upon the farm. Some of the tenants who occupied the farm before the house burned stated that Mrs. Kinslow always retained a room in the house which she kept furnished and which she occupied when on the farm,

but, after building the new house on the site of the old one, she has not retained a room and has had no furniture in the house.

Mrs. Kinslow testified that she was only temporarily absent from the farm, and that she had never moved away from it with the intention of abandoning it; that the farm had always been occupied by her tenants, and that her only source of revenue was from the farm; that her son-in-law, Mr. Flowers, assists her in its management.

On final hearing the petitions in the consolidated actions were dismissed, and it was adjudged that appellee is entitled to the lands in controversy which were devised to her by testator and that none of the defendants other than appellee were entitled to any relief.

The real question to be determined in this case is whether appellee has abandoned the lands bequeathed to her within the meaning of item 3 of testator's will. Webster's New International Dictionary defines the word "abandon" as follows: "To relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert. . . ."

The only difficulty in determining the meaning of the word "abandon" as used by the testator is the explanatory or qualifying phrase "by moving away from it." Appellee clearly has not abandoned this farm within the meaning of any accepted definition of the word. The cardinal rule for construing a will is to arrive at the intention of the testator from the will itself, if it is possible to do so, but, if not, then resort must be had to other adopted rules of construction.

In this will the testator evidenced a purpose and intent to make provision for his daughter because of her solicitous care and attention to him and to her mother. Obviously he did not have in mind that she should be deprived of a support from this farm if by stress of circumstances she might be forced temporarily to abide elsewhere or even if she should abide most of the time with her daughter, unless in so doing, she evidenced an intention to relinquish and abandon all claim to her rights to this property under the will of her father. By the use of the words "by moving away from it," testator evidently meant the moving away from the land should

be with the intention to permanently relinquish her claim.

In the case of Hough v. Brown, 104 Mich. 109, 62 N. W. 143, 144, the court cited with approval the following definition from the American and English Encyclopedia of Law: " 'Abandonment' is defined to be a relinquishment or surrender of rights or property by one person to another; a giving up; a total desertion. It includes both the intention to abandon and the external act by which the intention is carried into effect.'' This definition is cited with approval in Barnett v. Dickinson et al., 93 Md. 258, 48 A. 838; Hickman v. Link, 116 Mo. 123, 22 S. W. 472. In the Barnett v. Dickinson case, the court had for construction a will which provided that certain beneficiaries should have the use of a house and with income so long as they should remain unmarried and should choose to reside in the house, with the provision that, if any of them remarry or should abandon the house and cease to reside therein, the use of the property should be enjoyed by others. The court held that abiding elsewhere under stress of circumstances was not an abandonment within the meaning of the terms of the will.

In order that an abandonment may be established, it is not only necessary to show acts clearly indicating a practical abandonment, but it must be established and made to appear that there is an actual intention to relinquish and surrender all rights and claims. Saxlehner v. Eisner & Mendleson Co., 179 U. S. 30, 21 S. Ct. 7, 45 L. Ed. 60. The abandonment must consist of actual acts of relinquishment, accompanied with an intent and purpose to permanently give up the claims and rights to the property. Shepherd v. Alden, 161 Minn. 135, 201 N. W. 537, 202 N. W. 71, 39 A. L. R. 1094.

While there is proof that appellee for the past six years has spent most of the time with her daughter and this evidence conduces to show acts of relinquishment, but further than that there is an entire absence of proof tending to show an intention on her part to abandon and relinquish her rights under the will. On the contrary, it is shown that she has retained active control and supervision over the farm, and since the burning of her home has expended about $2,400 including the $800 insurance which she received, in erecting buildings thereon. Such expenditures are not consistent with any idea of abandonment.

In light of the authorities cited, it is incumbent upon appellants, in order to establish an abandonment of the lands by appellee, not only to show acts indicating practical abandonment, but they must also show an intention and purpose on her part to surrender and give up her rights to this property under the provisions of items 2 and 3 of testator's will. This they have failed to do.

Judgment affirmed.

JUDGE RICHARDSON not sitting.