## Sandy River Coal Company v. Champion Bridge Company et al.

(Decided April 19, 1932.)

KIRK & WELLS for appellant.

WHEELER & WHEELER and FRED MEADE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Greasy Creek Cannel Coal & Tramway Company in 1896 was the owner of a boundary of mineral land located below the mouth of Two Mile Creek in John-

son county, Ky. The land was located about ten miles from Whitehouse, Ky., the terminus at that time of the C. & O. Railroad Company. It obtained deeds to a right of way from its mineral land to Whitehouse, and thereafter erected a narrow gauge rail or tramway on its right of way, and began to mine, transport, and sell the coal on its property. In 1902 the C. & O. Railroad Company extended its main line of railroad to Offutt, Ky., which was the nearest point of connection of its narrow gauge railroad, and the main line of the C. & O. Railroad Company.

The Sandy River Coal Company acquired in 1916 the title to the mineral land, right of way, and narrow gauge railroad of the Greasy Creek Cannel Coal & Tramway Company. The Sandy River Coal Company during that year leased to Ayers & Lange, for a period of twenty years, its narrow gauge railroad and all of its property which was used in connection with its mine. Their lease covered all No. 4 or cannel coal on the boundary of land. By the terms of the lease, Ayers & Lange acquired the title to the steel rails and rolling stock used in the operation of the narrow gauge railroad with which they transported the products of the mine to Offutt, Ky. They operated the mine and disposed of its products until 1925, when their lease was canceled with the consent of the Sandy River Coal Company. They sold and disposed of the steel rails and rolling stock owned and used by them in the operation of the tramway. The purchasers thereof removed the same according to their desires. After their lease was canceled, the Sandy River Coal Company kept in its employment an agent whose duty it was to look after its property, including the right of way on which the tramway had been constructed and operated. That portion of the right of way on which it had been constructed and now in controversy was acquired by the Greasy Creek Cannel Coal & Tramway Company by a deed, dated July 13, 1896, of G. W. Ward. The conveyance from Ward to it recites that for $165 cash he sold, granted, and conveyed to the Greasy Creek Cannel Coal & Tramway Company, its successors, vendees and assigns, the right to construct, maintain, operate, and keep in repair, a rail and tramway over the land therein described, "together with the full right to enter upon his land, and construct, maintain and oper-

ate by its agents, servants and employees, and its successors, vendees and assigns, the rail and tramway.''

On account of the unusual topography of the Ward land, to reach the coal land, there was only one space on it on which the right of way could be located and the tramway constructed. At this point on its right of way Johnson county by and through its officials, and the Champion Bridge Company, by its agent, G. T. Sparks, began to erect a bridge across the creek on the Ward land, using its right of way and a rock wall that had been built for that purpose, without the consent of the Sandy River Coal Company. It is conceded that this portion of the right of way was constructed by the Sandy River Coal Company's predecessor in title and uninterruptedly had been used by it, and Ayers & Lange, as lessees of appellant, for tramway purpose. There was at that time, and now, no highway leading to or from the tramway. To use the bridge after it shall have been completed, it will be necessary and required by those who may use it not only to use the appellant's right of way where the bridge is constructed, but its right of way as it approaches and leaves the bridge.

The Appellant's agent protested to the county officials against the use of its right of way on the Ward land for county bridge and road purposes. Disregarding his protest, the construction of the bridge was begun by the Bridge Company and its agents under a contract with, and at the direction of, the fiscal court of Johnson county.

The Sandy River Coal Company instituted an action against Johnson county and the Champion Bridge Company, wherein it sought an injunction against them to prevent their use of its right of way on the Ward land. Appropriate pleadings were filed, evidence was taken, and on submission the court dismissed the petition. The Sandy River Coal Company appeals.

The deed of Ward to the Greasy Creek Cannel Coal & Tramway Company was recorded in the clerk's office of Johnson county on the 14th day of July 1896. Thereafter Lloyd G. Meade became the owner of the Ward land on which the right of way was located. The county claims that it obtained oral permission of Meade to enter upon and construct a bridge on the right of way. It concedes the existence and the provisions of the deed of

Ward to the Greasy Creek Cannel Coal & Tramway Company, and the appellant's ownership of the right of way by virtue of the Ward deed. To escape the effect of the Ward deed, the county and the Champion Bridge Company rely upon abandonment, and insist that the appellant can locate and construct its right of way elsewhere on the Ward land, or on other land.

The essential elements of abandonment are not established by the evidence. The abandonment of property requires the concurrence of an intention to abandon and actual relinquishment. Webster's New International Dictionary defines the word "abandon" as follows:

> "To relinquish or give up with the intent of never again resuming or claiming one's rights or interests in; to give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert. . . ."

Stinnett v. Kinslow, 238 Ky. 812, 38 S. W. (2d) 920, 922. In the case of Hough v. Brown, 104 Mich. 109, 62 N. W. 143, 144, "abandonment" was thus defined:

> "The relinquishment or surrender of rights or property by one person to another; a giving up; a total desertion. It includes both the intention to abandon and the external act by which the intention is carried into effect."

Barnett v. Dickinson et al., 93 Md. 258, 48 A. 838; Saxlehner v. Eisner & Mendelson Co., 179 U. S. 30, 21 S. Ct. 7, 45 L. Ed. 60; Shephard v. Alden, 161 Minn. 135, 201 N. W. 537, 202 N. W. 71, 39 A. L. R. 1094. The mere absence from, and nonuser of, property do not prove an intention to abandon it although conduct of that kind may continue unexplained for such length of time as not to be consistent with any other hypothesis. Farmers' Canal Co. v. Frank, 72 Neb. 136, 100 N. W. 286.

The deed of Ward to the Greasy Creek Cannel Coal & Tramway Company is susceptible to the construction contended for by the appellant; i. e., it conveys the title to the right of way in fee simple. If this construction be accepted, the doctrine of abandonment does not apply. United Mining Co. v. Morton, 174 Ky. 366, 192 S. W. 79; Cox v. Colossal Cavern Co., 210 Ky. 612, 276 S. W. 540; Duncan v. Mason, 239 Ky. 570, 39 S. W. (2d) 1006; Napier v. Baker, 235 Ky. 724, 32 S. W. (2d) 49.

Accepting the appellees' construction of the Ward deed, i. e., it merely grants an apparent easement, in this event, the doctrine of abandonment does not apply, considering the undisputed facts. The Greasy Creek Cannel Coal & Tramway Company paid a cash consideration for the right of way, and, by the terms of its deed, it and its assignees were granted the use thereof without limit as to time. The deed contains no language which imports that it should be void in case the purpose for which the right of way was conveyed was not carried out or used continuously, nor does it reserve to the grantor or his heirs or assigns the right in either event to re-enter and resume possession of the right of way as of his former estate. Carroll County Academy v. Gallatin Academy Co., 104 Ky. 621, 47 S. W. 617, 20 Ky. Law Rep. 824; Greene v. O'Connor, 18 R. I. 56, 25 A. 692, 19 L. R. A. 262; Raley v. Umatilla Co., 15 Or. 172, 13 P. 890, 3 Am. St. Rep. 142; Curtis v. Board of Education, 43 Kan. 138, 23 P. 98.

The evidence is undisputed that it intends to develop its property and to use the right of way on the Ward land, when the conditions and circumstances existing in the coal mining industry justify it. The evidence merely shows a temporary nonuser of the tramway on the Ward land. Nonuser alone, at least short of the period of the statute of limitation, is not sufficient to prove abandonment of a right of way created and existing by virtue of a conveyance thereof by the owner of the servient estate.

In the absence of legislative provision to that effect, mere temporary nonuser of a rail or tramway roadbed, granted for coal mining purposes, does not constitute an abandonment thereof. Nicomen Boom Co. v. North Shore Boom & Driving Co., 40 Wash. 315, 82 P. 412; Elliott on Railroads, sec. 391; Eddy v. Chace, 140 Mass. 471, 5 N. E. 306; McAdam v. Benson Logging & Lumbering Co., 57 Wash. 407, 107 P. 187.

In McAdam v. Benson Logging & Lumbering Co., supra, it was held that the removal of rails from a logging railroad right of way which was acquired by grant, and the keeping of them off the right of way for ten years, was not an abandonment of the easement, where there was no provision in the deed providing for a forfeiture by nonuser, and where there were no acts or declarations showing an intention to abandon the road. Nothing less than a continuous adverse and hostile use

by the owner of the servient estate, wholly inconsistent with the right of the owner of the easement, will terminate such easement. It cannot be avoided by pleading and proof of nonuser in any manner except by adverse holding amounting to disseisin or ouster for the statutory period of limitation. Johnson v. Clark, 57 S. W. 474, 22 Ky. Law Rep. 418; Morris v. Daniel, 183 Ky. 780, 210 S. W. 668; Skaggs v. Carr, 178 Ky. 849, 200 S. W. 27; McCarty v. Blanton, 219 Ky. 450, 293 S. W. 958; Brookshire v. Harp, 186 Ky. 218, 216 S. W. 379; Southern Railway, Carolina Division, v. Howell, 89 S. C. 391, 71 S. E. 972, Ann. Cas. 1913A, 1070; Brunthaver v. Talty, 31 App. D. C. 134; Murphy Chair Company v. American Radiator Co., 172 Mich. 14, 137 N. W. 791; Citizens' Electric Co. v. Davis, 44 Pa. Super Ct. 138; White v. Crawford, 10 Mass. 183; Arnold v. Stevens, 24 Pick. (Mass.) 106, 35 Am. Dec. 305.

The appellees contend that the appellant may use a right of way for the purpose of reaching its coal mine by a tramway at a place on the Ward land other than that where the county has constructed the bridge, or that other land may be acquired by it for that purpose. The fact that the tramway might be constructed elsewhere on the Ward or other land to reach its coal land does not deprive the appellant of its present right of way; nor authorize the county to take possession of it or to destroy it. Hedges v. Stucker, 237 Ky. 351, 35 S. W. (2d) 539.

The appellees insist that the Ward deed vests the appellant with only a right to construct a tramway and not a standard gauge railway, and that having admitted that it had abandoned its intention to use the present right of way for a tramway, but intends to use it in the future as a way for a standard gauge railroad, it is without a right by virtue of the Ward deed to construct a standard gauge railroad on the Ward land, and it is therefore estopped from asserting herein a right to construct in the future a standard gauge railroad thereon. The right of appellant to use its right of way on the Ward land was, and is, not lost by reason of the fact that it intends to use in the future its right of way for a standard gauge railroad, even though such is a purpose not allowed by the Ward deed. If the appellant uses the right of way in the future for a purpose different from that authorized by the deed, only the owner of the ser-

vient estate has a remedy in such case by an appropriate action. The county, insofar as the appellant is concerned, has no color of title to the right of way, and is a mere trespasser thereon; therefore the appellees are without right to insist that any particular construction should be given the Ward deed, or that the appellant is not auhorized by it to construct on its right of way a standard gauge or other railroad. Citizens' Electric Co. v. Davis, supra.

The judgment of the chancellor was neither authorized by the law nor supported by the evidence; it is therefore reversed for judgment affording the appellant the relief sought and for proceedings consistent with this opinion.