## DACAMARA et al. v. BINNEY et al.
### No. 10765.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 18, 1940.

Rehearing Denied Jan. 15, 1941.

Raymond, Algee & Alvarado and W. R. Blackshear, all of Laredo, for appellants.

Mann & Mann and Radcliffe Killam, all of Laredo, for appellees.

NORVELL, Justice.

This is an appeal from a judgment denying cancellation of a certain oil and gas lease in so far as it covered the south one-half of Block 9, and all of Blocks 12, 34, 37 and 36 of the Hughes Petroleum Company's Subdivision of Los Ojuelos Grant, Survey 592, Abstract 1395, Webb County, Texas, containing 720 acres of land. Appellants, J. B. DaCamara, Jr., and others (plaintiffs below) own the surface rights and one-half of the minerals under said tract. The remaining one-half of the minerals is owned by Tidewater Associated Oil Company (which did not appear in the trial below) and appellees, O. W. Killam, R. F. Duggan and Magnolia Petroleum Company. The appellee Thomas Godfrey Binney claims an oil and gas leasehold interest in the property, and the controversy presented here is between Binney and appellants over the validity of Binney's asserted interest. Trial below was to a jury upon documentary evidence and stipulation. At the conclusion of appellants' evidence, Binney moved for an instructed verdict, whereupon, the trial court withdrew the

case from the jury, holding that the evidence failed to raise a jury issue and entered judgment that appellants take nothing.

This controversy arose from the following facts and circumstances:

On April 4, 1919, Eusebio Garcia, as lessor, executed and delivered to Henry James, lessee, a certain oil and gas lease covering 32,919.49 acres in Webb County, including the 720 acres here involved. The primary term of the lease was five years and it was further provided that should production be obtained, the lease should remain in force as long as oil or gas should be produced therefrom.

As to lessee's right of assignment, the lease provided that: "The lessee shall have the right to assign this lease or any interest therein, or any portion of the acreage covered thereby, in which last event lessee be liable only for royalties accruing from operations on the acreage retained by him and be liable only for such proportion of the rental due under said lease as the acreage retained by the lessee bears to the entire acreage covered by the lease, and the assignee of the lessee shall have correlative rights and privileges with respect to said royalties and rental as to the acreage assigned to him."

Prior to the institution of this suit the James lease was cancelled as to 20,773 acres, leaving 12,146 acres under the lease. Appellants own the surface and one-half the minerals in the 12,146 acres, of which the 720 acres here involved is a part.

Binney holds under James by mesne assignments of the lease in so far as it covers the 720-acre tract.

It appears that oil and gas was discovered during the primary term of the James lease, and that from 1922 to 1938, inclusive, a total of 5,737,694 barrels of oil were produced from the lands covered thereby. According to the stipulation of the parties, oil is still being produced from the premises in paying quantities.

As to the particular 720 acres here involved, it appears that Binney, in 1923 and 1924, completed two gas wells on Block 12, having an initial production of 30,000,000 cubic feet each. These wells were connected with a pipe line and gas sold therefrom until during the month of June, 1925, when the wells were disconnected, as the pressure of the wells had fallen below the pressure of the pipe line.

Since that time no gas has been produced from these wells.

In 1925 a dry hole was drilled on the south one-half of Block 9, and in 1926 another dry hole was drilled on Block 34.

Neither oil nor gas has been produced from the 720 acres since the two gas wells were disconnected from the pipe line in 1925. There have been no drilling operations on the 720 acres since 1926.

Appellants contend here that the evidence shows, as a matter of law, that Binney has lost his leasehold interest in and to the 720 acres by abandonment, as he has failed to make any effort to produce therefrom since 1926. In the alternative, it is contended that there was sufficient evidence to take the issue of abandonment to the jury.

Before this Court, appellants have abandoned one of their pleaded theories in the court below, i. e., that a cancellation should be decreed because of the breach of the implied covenant to use due diligence in exploring and developing the property for oil and gas purposes.

Appellees present the following counter-proposition of law: The appellants are not entitled to a judgment cancelling a part of the Henry James lease—the 720 acres in question—on the theory of abandonment. It was shown without dispute that oil is still being produced under the James lease. That lease was a unity, and the assignment of the 720 acres in question did not have the effect of segregating such 720 acres from the other land covered by the lease. On the contrary, Binney, as assignee, had precisely the same rights in the 720 acres in question that the original lessee would have had if there had been no assignment. And since it appears that the James lease had not been wholly abandoned, as a matter of law there can be no abandonment of a part of that indivisible leasehold estate.

We hold that this counter-proposition is a correct statement of the law applicable to the facts of this case. Leonard v. Prater, Tex.Civ.App., 18 S.W.2d 681; Id. Tex.Com.App., 36 S.W.2d 216, 86 A.L.R. 499; Pearson v. Black, Tex.Civ.App., 120 S.W.2d 1075; Hunt Production Company v. Dickerson, Tex.Civ.App., 135 S.W.2d 597; Scott v. Jackson, Tex.Civ.App., 37 S.W.2d 1068; Walker's "Property Interests Created by an Oil and Gas Lease in Texas" loc. cit., 8 Tex.Law Review 507.

442

Furthermore, if the leasehold estate in and to the 720-acre tract were subject to extinguishment by abandonment under the facts disclosed by this record, we hold that the evidence was insufficient to take the issue of abandonment to the jury. All that is shown by the stipulation of the parties is a nonuser for a number of years. Under the authorities this is insufficient. Pearson v. Black, supra; Benavides v. Hunt, 79 Tex. 383, 15 S.W. 396; Sammons v. Hodges, Tex.Civ.App., 95 S. W.2d 734; Houston Oil Co. of Texas v. Kimball, Tex.Civ.App., 114 S.W. 662, affirmed 103 Tex. 94, 122 S.W. 533, 124 S. W..85; Sinclair Oil & Gas Co. v. Bryan, Tex.Civ.App., 291 S.W. 692; Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634; Sandy River Coal Co. v. Champion Bridge Co., 243 Ky. 424, 48 S.W.2d 1062; Mc-Graw Oil & Gas Co. v. Kennedy, 65 W. Va. 595, 64 S.E. 1027, 28 L.R.A.,N.S., 959; 1 Am.Jur. 10; 1 C.J.S., Abandonment, § 7, page 15.

No reversible error being shown, the judgment of the trial court is affirmed.