# Southeastern Greyhound Lines et al. v. Goodlette.

May 7, 1946.

R. W. Keenon and Dennis Wooton, Assistant Attorney General, for appellants.

Jesse Morgan for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

On May 24, 1943, D. H. Goodlette filed with the Division of Motor Transportation his application for a common carrier bus certificate to operate a bus line from Springfield, Kentucky, to Frankfort, Kentucky, over highways 53, 62, and 35, with intermediate stopping points at Willisburg, Sharpsville, Kirkland, Ashbrook, Sinai, Fox Creek, Lawrenceburg, Alton, and Farmdale. A hearing on the application was held on June 16, 1943, and on June 21, 1943, a certificate of convenience and necessity to operate a motor bus line along the route specified in the application was issued to Goodlette by the Division of Motor Transportation. The certificate was numbered 314. At that time an applicant was required to obtain a certificate of war necessity from the Office of Defense Transportation of the United States Government before beginning operation under the state certificate. Goodlette applied to the Federal agency for

a certificate, and on August 17, 1943, he was informed that granting of the certificate was being held up pending a decision from the Cleveland District Office of the ODT. Goodlette immediately applied for a stay of operations under certificate 314, and on August 19, 1943, William Blanton, the Director of the Division of Motor Transportation, granted a stay of operations "until ODT approval of commencement of operations received." This approval was never received, but Goodlette renewed the certificate annually thereafter, as required by KRS 281.120, and paid the annual fee of $25. The last renewal of the certificate by the Division of Motor Transportation is dated January 10, 1945. On August 1, 1945, the Southeastern Greyhound Lines filed with the Division of Motor Transportation its application for a common carrier bus certificate to operate a bus line from Bardstown to Frankfort over U. S. highway 62 and Kentucky highway 35 by way of Bloomfield, Chaplin, Sparrow, Johnsonville, Sinai, Fox Creek, Lawrenceburg, Alton, and Farmdale. D. H. Goodlette protested on the ground that a certificate had been granted to him authorizing him to operate a motor bus line from Springfield to Frankfort over highways 53, 62, and 35, and that the granting of the application of the Southeastern Greyhound Lines was not justified or authorized by public convenience and necessity. A hearing was held on September 27, 1945, and the Director of the Division of Motor Transportation concluded that certificate 314, which had been issued to D. H. Goodlette on June 21, 1943, had become null and void because the holder had failed to begin operations within sixty days from the date it was issued. He based his decision on paragraph (3) of section 281.190 of the Kentucky Revised Statutes, which provides:

"If any person holding a certificate over any public highway in this state between fixed termini or over a regular route fails to begin operation under the certificate on said line for a period of sixty days, * * * such certificate shall be and become null and void, and an order to that effect shall forthwith be entered on the records of the Division of Motor Transportation."

The Director held that Goodlette had no interest in the matter, and sustained a motion to strike his protest. A large amount of proof was introduced which tended

to show that public convenience and necessity required the issuance of a certificate for the operation of a bus line between Bardstown and Frankfort. The proof for the applicant, Southeastern Greyhound Lines, showed that it intended to furnish through service from Nashville, Tennessee, to Cincinnati, Ohio, by way of Bardstown, Bloomfield, Lawrenceburg, and Frankfort, Kentucky, and also local service between Bardstown and Frankfort over the route over which it sought a certificate. This route and the route over which D. H. Goodlette was granted a certificate in 1943 coincide from a point at or near Sinai on U. S. highway 62 to Frankfort. The Director of the Division of Motor Transportation issued a certificate of convenience and necessity to the Southeastern Greyhound Lines authorizing it to institute bus service over the route named in its application, and D. H. Goodlette appealed to the Franklin circuit court which held that the certificate of convenience and necessity issued to Goodlette in June, 1943, did not become null and void because of his failure to begin operation thereunder within sixty days after it was granted. The court adjudged that the Director should again inquire into the reasonableness and necessity for the issuing of a certificate to the Southeastern Greyhound Lines from Bardstown to Frankfort, considering the fact that Goodlette's certificate between Springfield and Frankfort is still in effect. The judgment continued:

"It was therefore ordered and adjudged that Ben J. Brumleve, Director of the Division of Motor Transportation enter an order setting aside the order heretofore entered by him cancelling the certificate of convenience and necessity issued to D. H. Goodlette between Springfield and Frankfort over the route set out in the original certificate granted to the said Goodlette. The said Ben J. Brumleve is further ordered to enter an order cancelling the certificate issued to the Southeastern Greyhound Lines between Bardstown and Frankfort and fix a time for rehearing of the application of Southeastern Greyhound Lines on the reasonableness and necessity for issuing a certificate between these points to the said Southeastern Greyhound Lines."

The Southeastern Greyhound Lines and the Director have appealed. It is their contention that appellee forfeited his rights by his failure to begin operation

within sixty days from the date his certificate 314 was issued, and they rely upon Straight Creek Bus, Inc., v. Saylor, 299 Ky. 309, 185 S. W. 2d 253. In that case Saylor obtained a certificate of convenience and necessity, but failed to begin operation under the certificate within sixty days after it was issued and an interested party called attention to his delinquency and requested that an order be entered declaring Saylor's certificate null and void in accordance with the provisions of KRS 281.190(3). The Director of the Division of Motor Transportation notified Saylor, and a hearing was held. In his response to the notice Saylor stated that he had not commenced operation under the certificate within the sixty day period fixed by the statute because he had been unable to obtain permission from the ODT to inaugurate the service. The response was adjudged insufficient by the Director, and an order was entered declaring the certificate null and void. The action of the Director was upheld by this court on the ground that the provisions of KRS 281.190, subsection (3), are mandatory and the subsection contains no exceptions. In the opinion it was said (299 Ky. 309, 185 S. W. 2d 254):

"If the Legislature had indicated that delay beyond sixty days in beginning operation under the Certificate might be excused if occasioned by unavoidable casualty, or, for that matter, by any circumstance or state of fact whatever, we could reasonably hold that such delay should be excused when occasioned by the necessity of complying with interfering war time regulations, although the Legislature had not foreseen their promulgation. Courts are not limited to the literal wording of an Act indicating what exceptions to its operations are permissible when any, by its terms or necessary intendment, are permissible. But where it is apparent that no exceptions were intended, we cannot properly create them."

Subsection (2) of section 281.190 provides that the Director may authorize a temporary change in route, service or schedule where such change is necessary on account of the conditions of the roads or other emergency. Failure of the ODT to issue a permit to operate creates an emergency within the meaning of the statute, and authorizes the Director to grant a stay of operation. In the Saylor case no request for a stay of operation was made within the sixty day period. In the case before

us the appellee applied for a stay of operation as soon as he learned that a permit could not be obtained within sixty days after the issuance of his certificate. Appellants assume that the stay of operation was not applied for or granted within sixty days, but in this they are in error. The hearing on appellee's application for a certificate of convenience and necessity was held on June 16, 1943, the certificate was issued on June 21, and the stay of operation was granted August 19, 1943. Goodlette did all that could have been done to secure a permit from the ODT and to inaugurate service under his certificate. His application to the Federal agency for a permit was denied because he was unable to show that the service he proposed to inaugurate would directly assist the prosecution of the war effort and the maintenance of essential civilian economy. The conditions which governed the Federal agency in its decision remained the same until the cessation of hostilities in August, 1945. Some point is made of the fact that appellee made no effort to inaugurate bus service under his certificate after the ODT ceased requiring Federal permits, but the application of the Southeastern Greyhound Lines for a certificate of convenience and necessity was pending before the Division of Motor Transportation before the ODT ceased to function in this respect, and the validity of appellee's certificate was in contest. The circuit court correctly found that appellee's certificate had not become void by reason of his failure to begin operation within sixty days from the date the certificate was granted.

It is argued that even if Goodlette's certificate is valid the Southeastern Greyhound Lines is entitled to a certificate under the proof because it serves a different territory. The circuit court did not adjudge that the Southeastern Greyhound Lines is not entitled to a certificate of convenience and necessity over the route from Bardstown to Frankfort, but merely remanded the case to the Division of Motor Transportation, and we think correctly so, for further proceedings in view of the fact that the appellee has a valid certificate covering part of the route. The Southeastern Greyhound Lines should be permitted to continue its operations pending a final decision by the Division of Motor Transportation.

The judgment is affirmed.