### HAZARD EXP. et al. v. HAYES FREIGHT LINES et al.

Court of Appeals of Kentucky.

Jan. 25, 1952.

George R. Smith, Lexington, for appellants.

Paul Mansfield, Lexington, David Axelrod, Chicago, Ill., McChesney & McChesney, Frankfort, for appellees.

SIMS, Justice.

For the sake of convenience and brevity we will refer to the Division of Motor Transportation as "Division"; to the Union Transfer and Storage Company as "Union"; to Hayes Freight Lines as "Hayes"; to the Hazard Express as "Hazard"; and to the Pinson Transfer Company as "Pinson".

The question involved on this appeal is whether Union abandoned certificate of convenience and necessity No. 73 issued it in 1936 by the Division. This certificate covers a route from Lexington to Winchester over highway No. 60, thence from Winchester to Hazard and on to Whitesburg over highway No. 15

With the approval of the Division, Hayes bought out Union on Dec. 1, 1948, and both Hazard and Pinson protested against Union transferring this certificate to Hayes on the ground that the certificate was null and void under KRS 281.-190(3), because no regular operation had been carried on under it for more than sixty days before the date of the transfer, and that the certificate had been abandoned.

Testimony was heard by the Division, and in an exhaustive and well-reasoned opinion by J. Carl Rosskopf, Assistant Director, and approved by John C. Watts, Director, it was held that the certificate was in full force and effect, and its transfer by Union to Hayes was approved. Hazard and Pinson appealed to the Franklin Circuit Court as provided in KRS 281.-420, which upheld the ruling of the Division.

On appeal to this Court from the ruling of the Franklin Circuit Court, Hazard

and Pinson insist that as the evidence shows Union did not operate regularly under certificate No. 73 after 1942, and did not operate at all for sixty days before the attempted transfer of it on Dec. 1, 1948, and for sixty days before the hearing on June 15, 1949, on their protest, the certificate was no longer in force and had been abandoned. Appellants attempt to invoke KRS 281.190(3) and expressly rely upon Straight Creek Bus v. Saylor, 299 Ky. 309, 185 S.W.2d 253, and Southeastern Greyhound Lines v. Goodlette, 302 Ky. 261, 194 S.W.2d 510.

Subsection 3 of KRS 281.190 reads: "If any person holding a certificate over any public highway in this state between fixed termini or over a regular route fails to begin operation under the certificate on said line for a period of sixty days, or abandons operation thereunder, or fails to pay the renewal fees therefor for a period of thirty days after the due date thereof, or fails to keep the required insurance on file and in force, such certificate shall be and become null and void".

In the Saylor case we held the provision of the statute which requires operation to begin within sixty days after the issuing of the certificate is mandatory. The Goodlette opinion followed the Saylor case, but it said the failure of the Office of Defense Transportation to issue its permit created an emergency which authorized the Director of the Division to grant a stay of operation. The Saylor and Goodlette cases have no application here since operation was begun within sixty days after certificate No. 73 was issued by the Division. Our question is not whether the operation was commenced within sixty days after the issuance of the certificate, but is whether the certificate was abandoned when operation was not regularly carried on under it.

The evidence shows that in 1946 Union filed an embargo against handling shipments over the route covered by certificate No. 73 due to congestion and shortage of equipment; that the renewal fees on this certificate were paid each year as provided in KRS 281.120; that the insurance was kept on file in the office of the Director as required by KRS 281.080; that the franchise tax on the route had been kept paid to the cities, counties and the state.

Manifestly, this was sufficient to sustain the finding of the Division that Union had not abandoned its certificate No. 73. As said in Sandy River Coal Co. v. Champion Bridge Co., 243 Ky. 424, 48 S.W.2d 1062. 1063, "The abandonment of property requires the concurrence of an intention to abandon and actual relinquishment". It was written in that opinion the mere nonuser of property does not prove an intention to abandon it. The evidence to which we have just referred clearly shows there was no intention upon the part of Union to abandon this certificate.

The judgment is affirmed.