## FUQUA et al. v. CHESTER OIL CO.

Court of Appeals of Kentucky.

Feb. 29, 1952.

Robert E. Humphreys, Jr., Russel C. Jones, Owensboro, for appellants.

Robert T. Sweeney, G. Wallace Thacker, Owensboro, for appellee.

WADDILL, Commissioner.

This appeal is prosecuted from a judgment of the circuit court refusing to cancel appellee's oil and gas lease covering land owned by appellants.

On November 11, 1929, appellants executed an oil and gas lease to appellee on a 42-acre tract of land in Hancock county for a primary term of 5 years and "so long thereafter as oil or gas was produced from the leased premises." Prior to the expiration of the 5 year period, appellee completed a well that produced oil in commercial quantities. Six additional wells were completed. These 7 wells pumped 33,054 barrels of oil in the first 2 years of production. From 1936 through 1943 their yield gradually declined to 1021 barrels of oil. In an effort to stimulate the output, appellee, in conjunction with adjacent leaseholders, began re-cycling gas through the wells. As a result of this process the amount was increased, but as time passed the production curve again reflected a gradual decline to a low of 682 barrels during 1948.

Appellants contend that after September 22, 1949, appellee ceased operations and abandoned the lease. They testified in substance that they received the royalty due under the lease until August, 1949; that in October, 1950, appellee again pumped the wells for a period of about 10 days and each received a royalty check which was rejected because the lease had been "seemingly abandoned." They then notified appellee to stay off the premises.

Appellee claims that in the year 1949, the gas pressure became so low that it was forced to discontinue the re-cycling process due to the fact that operators on adjacent leases had commenced a similar re-cycling process on their leases which caused a vacuum to occur in its oil wells. Appellee further claims that in the fall of 1949, it commenced negotiations with adjacent lease operators in an effort to produce additional oil under the secondary method of recovery known as "water flooding." This effort failed chiefly because of financial difficulties. Appellee introduced two witnesses who testified that the lease had not been abandoned and that a bona fide effort had been made to produce oil on the leased premises. The general manager of the appellee company testified that from September, 1949, to October, 1950, 36.28 barrels of oil were produced. He stated that the property was pumped two or three times a month during this period; that they attempted to continue the pumping of the wells and the development of the lease until sometime in the latter part of 1950, when the lessors posted notices on their land informing appellee's employees not to enter upon the property. An employee of appellee testified that he went upon the leased premises several times a month from September, 1949, to October, 1950, and pumped the wells. He stated that while the production was small, appellee had not abandoned its effort to produce oil and did not leave the leased premises until ordered to do so by appellants. In rebuttal appellants offered the depositions of three witnesses who testified that during the period from

September, 1949, to October, 1950, they were employed on adjoining leases and that they did not observe any efforts being made to pump the wells.

■ To constitute abandonment by the lessee of a lease for oil, there must be both an intention to abandon and actual relinquishment of the leased premises. See Seaboard Oil Co. v. Commonwealth, 193 Ky. 629, 237 S.W. 48; Bay State Petroleum Co. v. Penn Lubricating Co., 121 Ky. 637, 87 S.W. 1102; Stinnett v. Kinslow, 238 Ky. 812, 38 S.W.2d 920; Cadillac Oil & Gas Co. v. Harrison, 196 Ky. 290, 244 S.W. 669; Am.Juris., Abandonment, Volume I, Sec. 8, p. 6; Volume 58 C.J.S., Mines and Minerals, § 211, (b) page 531.

Thornton in his work on Oil and Gas, Volume 2, Sec. 547, p. 878, in discussing "Forfeiture By Abandonment" stated the rule, thusly: "If a lease does not contain a clause of forfeiture, the mere failure to pay the rental does not constitute an abandonment nor authorize a court of equity to cancel the lease; and, if the lessor bring an action to cancel the lease for failure to pay the rental, the lessee may show his willingness to perform the covenants of the lease and that the explorations had not been unreasonably delayed. If he has entered the premises and explored them unsuccessfully, he may re-enter within a reasonable time after he has ceased operations and defeat the lessor's proceedings to cancel the lease by proving he did not intend to abandon such premises. If gas or oil has been developed in paying quantities, then, in order to establish an abandonment of the premises by him it must be shown that he had intentionally abandoned them, had relinquished his possession thereof. The relinquishment must be actual, and the abandonment intentional. These are questions of fact that the plaintiff-lessor must show."

In Pennagrade Oil & Gas Co. v. Martin, 211 Ky. 137, 277 S.W. 302, the question of delay in marketing gas was involved. The delay was from two and one-half to three years. It was urged that the delay was sufficient to justify the cancellation of the lease on the grounds of abandonment. This Court held that such delay, under the facts therein shown, did not constitute an abandonment of the lease. Also see Warfield Natural Gas Co. v. Allen, 248 Ky. 646, 59 S.W.2d 534, 91 A.L.R. 890; Am.Juris., Oil and Gas, Volume 24, Sec. 79, p. 588.

■ It is apparent that the essential elements of abandonment have not been established. The statements of appellants' witnesses that the wells were not regularly pumped, or as they should have been to obtain the greatest amount of production, when considered and weighed in light of the other evidence in this case, do not in our opinion constitute a basis for the cancellation of the lease. Stauffacher v. Cook, 291 Ky. 361, 164 S.W.2d 604; Reynolds v. White Plains Oil & Gas Co., 199 Ky. 243, 250 S.W. 975.

Judgment affirmed.