John W. HARPER, Appellant,

v.

J. O. JOHNSON et al., Appellees.

Court of Appeals of Kentucky.

Oct. 26, 1956.

John C. Lovett of Lovett & Lovett, Benton, for appellant.

W. C. Tipton, Hickman, for appellees.

STANLEY, Commissioner.

In the early part of 1954 an oral lease and contract was entered into by J. W. Harper, owner and lessor, and J. O. Johnson and his son, Joe T. Johnson, as lessees, of part of a 725 acre farm in Fulton County. The tenants agreed to grow beans, cotton, and alfalfa on shares. They sowed 165 acres in alfalfa, the seeding costing them about $1,600 and the labor about $1,650. Before the end of the year there was disagreement between the parties about some of the crops, and afterward a controversy arose as to whether the contract should extend or was extended beyond the year 1954. In June, 1955, the tenants filed a complaint against the landlord in which they sought a declaratory judgment as to the rights of the parties for the year 1955. They particularly asked that the landlord be enjoined from preventing them from harvesting the alfalfa crop then maturing.

The defendants invoked that part of the Statute of Frauds which declares that no action may be maintained to enforce an oral lease of real estate for longer than one year. KRS 371.010(6). The plaintiffs sought to avoid that by the facts (1) that according to the terms of the contract they had sowed alfalfa, which is a perennial crop that can be harvested from three to four years from one planting, and they are entitled to recover the entire harvest, and (2) that they had held over for ninety days after the expiration of the one year and thereby acquired under the statute the right to the premises for the year 1955. KRS 383.160(1).

KRS 383.160(1) provides that if by contract a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day unless, by express contract, he secures the right to remain longer; but if without such contract he shall hold over for ninety days thereafter and the landlord does not institute proceedings to recover possession of the premises within that period, "then none shall be allowed until the expiration of one year from the day the term or tenancy expired." See Long's Ex'rs v. Bischoff, 277 Ky. 842, 127 S.W.2d 851, for an application of the statute to facts somewhat similar to the present ones.

The circuit court found that there was a holding over of the leased premises without a proceeding having been filed by the landlord to regain possession thereof and

entered an appropriate declaratory judgment.

The record shows that following the entry of the judgment the purchaser of the 1955 alfalfa crop paid into court on November 19, 1955, the proceeds thereof amounting to $7,453.50. By order of the court, this was divided between the parties and each received his part which the judgment declared inferentially he was entitled to receive. We cannot sustain the appellees' contention that this has rendered the case moot. The practical effect of these subsequent events is that the appellant has accepted what the court had adjudged him to be entitled to but has not received what he claimed below and is claiming here, namely, a right to the entire sum.

There is an indication in the trial court's opinion of the view that where a tenant plants a perennial crop and the harvest for the first year is scarcely or not at all enough to pay the cost of the planting, custom and justice give the tenant the right to the harvests of later years. One of the grounds argued by the landlord, as appellant, is that a sharecropper cannot avoid the Statute of Frauds merely by planting a perennial crop. It does not seem necessary that we should go into the abstract question of law.

However, the fact that there was a perennial crop planted by the tenant, which had been harvested for only one year, does have an important bearing under the circumstances peculiar to this case upon the question of whether there was an intention by the tenants to abandon the possession or to hold over beyond December 31, 1954. The statute uses the term "abandon" and its antithesis, "hold over." It is well settled that abandonment of property is an intentional surrender or relinquishment of a claim or right to the property. There must be a concurrence of intention and an act manifesting that intention. Sandy River Coal Co. v. Cham-

pion Bridge Co., 243 Ky. 424, 48 S.W.2d 1062; Rice v. Rice, 243 Ky. 837, 50 S.W.2d 26.

There were no barns or tenant houses on the land. The lessees or tenants owned 200 acres of land and rented other property, which brought their cultivation to about 1,200 acres in the year 1954. Under this verbal lease they furnished all the equipment and labor, as well as the seed, so the possession which they exercised over this property always consisted only of the acts of cultivating and harvesting. After the expiration of the 1954 contract, the tenants left a little farming equipment on the premises. They did go there to see about the growing crop and ran off trespassing livestock. They put locks on the gates. They sent men in there during January, 1955, to do some discing; but they found the land too wet. But a few days before the expiration of the ninety-day period, they actually did some discing.

The landlord justifies his failure to institute eviction proceedings on the ground that he did not know the tenants were claiming possession. He lived most of the time in a hotel in Memphis and had business interests also in Mississippi and Texas. Joe T. Johnson, one of the tenants, testified that on January 17, 1955, Mr. Harper called him on the telephone and asked about whether he had gotten all the cotton out, suggesting that there might be some "boiles" left, and he also inquired whether Johnson wanted the farm for another year. He told Harper that he did "as far as I know," and Harper stated that there were "a few things I want to change," to which Johnson responded he would see him in a few days. Johnson testified he did see him at the hotel in Hickman and that he had a conversation about the 1955 crops. Harper admits the conversation with Johnson about the rental for 1955 but insists that he told Johnson he did not want to rent it another year as he might sell it, having received an offer of $225,000 for his land.

We think the finding of the trial court that there was a holding over for ninety days without any attempt on the part of the landlord to recover possession is supported by the evidence, and that the judgment is correct.

Judgment affirmed.