**CUMBERLAND CONTRACTING COMPANY, Appellant,**

v.

**Loraine COFFEY, Appellee.**

Court of Appeals of Kentucky.

July 1, 1966.

Bruce H. Phillips, Monticello, for appellant.

R. B. Bertram, E. G. Bertram, Jr., Bertram & Bertram, Monticello, for appellee.

C. WARREN EATON, Special Commissioner.

The appellee, owner of oil and gas rights in 410 acres of land in Wayne County, brought this action to cancel an oil and gas lease and to recover damages against the lessee. The lower court entered judgment ordering cancellation of the lease but denied the owner damages. The appeal is from that portion of the judgment cancelling the lease.

The lease was executed in November, 1945, for a period of five years with a provision for it to continue "as long thereafter as oil or gas or either of them is produced from said land by the lessee." The appellant, Cumberland Contracting Company, became owner of the lease by assignment in May, 1951. At the time three wells had been drilled on the leasehold and were producing. In 1953 the appellant drilled a fourth well which proved to be nonproductive. Immediately thereafter all of the drilling equipment was removed and two of the three producing wells plugged. Only the remaining well has been pumped for oil since 1953.

The evidence discloses that there has been no actual profitable production since 1953 from the one remaining well. This well has been pumped approximately two hours each week and has produced perhaps one and a half barrels of oil per pumping. For the 23 months prior to the commencement of the action appellee received as royalties the token sum of $19.79, less than one dollar per month rental. Appellee gave the appellant due notice more than a year prior to the commencement of this action that the lease would be cancelled unless it was further developed. No action was taken by the appellant and there was no increased production. Indications are that further drilling would not be profitable since there has been no new drilling in the area within recent years. Appellant's proof indicates there is a possibility of additional profitable production provided a new secondary method of production, now under

consideration, proves successful. No secondary recovery has been attempted and the proof indicates that it would be as long as three years perhaps before there could be a determination on the subject of secondary development by the appellant.

The evidence indicates that the oil produced for the years since 1953 was not sufficient to pay appellant's operating costs. Appellant does have a substantial investment in the lease, considering the previous drilling and development. The substantial investment is one of the considerations urged by the appellant as a reason why the lease should not be cancelled.

Both parties appear to agree that this is not a case where the lessee should forfeit the lease for failure to develop by drilling further wells. The sole question, therefore, is whether, under the circumstances of this case, the lease should be cancelled because lessee is not producing oil in paying quantities or is only producing enough oil to pay the lessor at most a nominal or token rental. In other words, has the lease expired by its own terms? See Wheeler and LeMaster Oil and Gas Co. v. Henley, Ky., 398 S.W.2d 475.

■ The same question was determined in the case of Reynolds v. White Plains Oil & Gas Company, 199 Ky. 243, 250 S.W. 975. (It is difficult to determine from the opinion of that case whether the facts were similar to those of the present case, especially as to the acreage or as to the matter of time, but there were in that case two wells producing less than a barrel of oil every other day.) The lease referred to in that case had an identical term limitation as in the present case, and although the court ruled that lessor was not entitled to cancellation because the lessee was producing oil, the stated facts are not so clear, especially as to amount of production and time, as to require a similar holding in the present case. Of importance in the Reynolds case is the recognition of a modification of the general rule that the lessee has the exclusive right to determine when an oil well is produc-

ing in paying quantities, the modification being "that the production must be substantial and sufficient to pay the lessor a royalty justifying the obstruction and interference which he suffers as a result of the occupation and operation on his premises." See also Enfield v. Woods, 198 Ky. 328, 248 S.W. 842; Kies v. Williams, 190 Ky. 596, 228 S.W. 40; Wheeler and LeMaster Oil and Gas Co. v. Henley, Ky., 398 S.W.2d 475.

■ In Enfield v. Woods, supra, a case involving a similar lease, the court, referring to the general rule applicable in these cases, stated: "The general rule, however, is to hold the expression 'oil well' or 'gas well,' as used in a lease contract, to mean an oil well or gas well which can be profitably operated as such." Recognizing that the payment of a reasonable royalty, considering all circumstances in each case, is the object of leasing oil and gas rights, the court in Flanagan v. Marsh, 105 S.W. 424, 32 Ky.Law.Rep. 184, stated: "[T]he lessee will not be permitted to hold the land for speculative or other purposes an unreasonable length of time for a mere nominal rent, when a royalty on the product is the chief object in the execution of the lease."

■ Applying these principles to the present case we find that the lower court was justified in holding that production of one and one half barrels of oil every two weeks which resulted in payment of a royalty of less than one dollar per month for an oil lease of 410 acres is not production of oil within the meaning of the lease. This is especially true when coupled with the time element of such production over a period of years since 1953, the fact that the oil produced from the well was not sufficient to pay operating costs of the one remaining well, and the inescapable conclusion that the only object of holding over by the lessee was the chance (speculation) that at some future date secondary methods of production could be applied to the production of more oil. Certainly the Chancellor below was justified under the proof in declaring that a period of eleven years was

more than ample and sufficient time for there to have been commercial development in paying quantities by secondary or other recovery methods; and in further holding that because of lessee's inability or failure to produce oil in sufficient quantity so as to pay the lessor a reasonable rent (royalty), reasonable notice having been given, the lease has expired and in this sense was forfeited.

The judgment is affirmed.